J-S22039-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DONALD L. LAMEY, SR., | : | |
| | : | |
| Appellant | : | No.  1249 MDA 2015 |

Appeal from the Order Entered June 29, 2015,
in the Court of Common Pleas of Centre County,
Criminal Division, at No(s): CP-14-CR-0000842-1994

BEFORE:    MUNDY, DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED MARCH 30, 2016**

Donald L. Lamey, Sr. (Appellant) appeals from the order entered on June 29, 2015, which denied his motion to correct illegal sentence.  We affirm.

The background underlying this matter can be summarized as follows.

> On January 17, 1995, a jury convicted Appellant … of one hundred and ninety-five separate criminal offenses, including sixty-two counts of involuntary deviate sexual intercourse, forty-four counts of statutory rape, forty counts of aggravated indecent assault, seven counts of corruption of minors, forty counts of indecent assault, one count of incest, and one count of endangering the welfare of children.  The convictions stem from Appellant's sexual contact with his adolescent daughter and her minor friends. On June 9, 1995, the trial court sentenced Appellant to an aggregate of thirty-three and one-half to sixty-seven years in prison.

*Commonwealth v. Lamey*, 850 A.2d 10 (Pa. Super. 2004) (unpublished memorandum at 1-2) (footnotes omitted).  Appellant timely filed a direct

---

*Retired Senior Judge assigned to the Superior Court.

appeal, and his judgment of sentence was affirmed by this Court on August 27, 1996. **Commonwealth v. Lamey**, 685 A.2d 1044 (Pa. Super. 1996) (unpublished memorandum). Appellant did not file a petition for allowance of appeal to our Supreme Court.[1]

On June 26, 2015, Appellant filed a document entitled "Motion to Modify and Correct Illegal Sentence *Nunc Pro Tunc*." In that motion, Appellant argued that his aggregate sentence is illegal pursuant to the United States Supreme Court's decision in **Alleyne v. United States**, 133 S.Ct. 2151 (2013), which rendered unconstitutional 42 Pa.C.S. § 9718.

On June 29, 2015, the trial court denied the motion by concluding that Appellant is not entitled to relief because "no court has determined that the constitutional right as developed in **Alleyne** and its Pennsylvania progeny is to be applied retroactively." Trial Court Opinion, 9/11/2015, at 2. Appellant timely filed a notice of appeal. The trial court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), but did issue an opinion pursuant to Pa.R.A.P. 1925(a). In his brief to this Court, Appellant asks us to consider the questions that follow.

---

[1] Thereafter, Appellant timely filed a PCRA petition, which the PCRA court denied, and this Court affirmed. **Commonwealth v. Lamey**, 850 A.2d 10 (Pa. Super. 2004) (unpublished memorandum). Appellant filed a petition for allowance of appeal, which our Supreme Court denied on August 31, 2004. **Commonwealth v. Lamey**, 858 A.2d 109 (Pa. 2004).

1. Whether [Appellant's] sentence is an illegal sentence, in light of **Alleyne**, in the line of **Apprendi**.[2]

2. Whether [Appellant's] illegal sentence is requiring [*sic*] relief/re-sentencing.

3. Whether [Appellant's] sentence is unconstitutional under the 6th and 14th Amendments of the United States Constitution.

Appellant's Brief at 1 (unnecessary capitalization omitted).

We first point out that the lower court should have treated Appellant's motion as a petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. "It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief…. Issues that are cognizable under the PCRA must be raised in a timely PCRA petition[.]" **Commonwealth v. Taylor**, 65 A.3d 462, 465-66 (Pa. Super. 2013). A claim challenging the legality of a sentence is cognizable under the PCRA. **See Commonwealth v. Guthrie**, 749 A.2d 502 (Pa. Super. 2000). Accordingly, we will review Appellant's appeal as being from the denial of a PCRA petition.

We set forth our well-settled standard of review. Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. **Commonwealth v. Anderson**, 995 A.2d 1184, 1189 (Pa. Super. 2010).

---

[2] **Apprendi v. New Jersey**, 530 U.S. 466 (2000).

Under the PCRA, all petitions must be filed within one year of the date that the petitioner's judgment became final, unless one of three statutory exceptions applies. 42 Pa.C.S. § 9545(b)(1); **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review. 42 Pa.C.S. § 9545(b)(3). "The PCRA's time restrictions are jurisdictional in nature." **Chester**, 895 A.2d at 522. "Thus, '[i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" **Id.** (quoting **Commonwealth v. Lambert**, 884 A.2d 848, 851 (Pa. 2005)).

This Court affirmed Appellant's judgment of sentence on August 27, 1996. Appellant had 30 days to petition our Supreme Court for allowance of appeal. Pa.R.A.P. 1113(a). He did not do so. Thus, for purposes of the PCRA, Appellant's judgment became final on September 26, 1996. He therefore had until September 26, 1997, in order to file timely a PCRA petition.

Because Appellant untimely filed his PCRA petition in June of 2015, he had the burden of pleading and offering to prove one of the following exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

- 4 -

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Moreover, he was required to show that the petition was "filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Even if Appellant had invoked one of the aforementioned exceptions in his motion, namely subsection 9545(b)(1)(iii), he would not be entitled to relief. This Court has held that "*Alleyne* will be applied to cases pending on **direct appeal** when *Alleyne* was issued," but does not apply retroactively to cases on collateral review. *Commonwealth v. Riggle*, 119 A.3d 1058, 1064 (Pa. Super. 2015) (citing *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014)) (emphasis added); *see also Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (noting that neither the Pennsylvania Supreme Court nor the United States Supreme Court has declared that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence has become final). Thus, reliance on *Alleyne* cannot overcome the jurisdictional time limitations of the PCRA. Because the lower court lacked

jurisdiction over Appellant's motion, we conclude that the lower court did not err by denying it.[3]

Order affirmed.[4]

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 3/30/2016

---

[3] Based on the foregoing, we need not address Appellant's substantive issues on appeal.

[4] We recognize that our reasoning differs somewhat from the lower court; however, "[i]t is well-settled … that we may affirm the PCRA court's decision on any basis." **Commonwealth v. Williams**, 977 A.2d 1174, 1177 n.8 (Pa. Super. 2009).