J. S30024/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| KELLY ANDERSON, | : | No. 2051 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, June 22, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0708042-2000

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND JENKINS, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:              **FILED APRIL 19, 2016**

Kelly Anderson appeals **pro se** from the order filed in the Court of Common Pleas of Philadelphia County which dismissed, without a hearing, his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Because we agree with the PCRA court that appellant's facially untimely petition failed to establish a statutory exception to the one-year jurisdictional time limit for filing a petition under the PCRA, we affirm.

The PCRA court set forth the following procedural history:

> On July 1, 2003, following a jury trial, [appellant] was convicted of third-degree murder, aggravated assault, and possession of an instrument of crime.[1]  Thereafter, [appellant] was sentenced

---
[1]  18 Pa.C.S.A. § 2502(c), 18 Pa.C.S.A. § 2702, 18 Pa.C.S.A. § 907, respectively.

to an aggregate term of nineteen to sixty years' incarceration. On August 12, 2004, following a direct appeal, the Superior Court affirmed the judgment of sentence based upon the omission of transcripts from the certified record.[Footnote 2] After the PCRA court reinstated his appellate rights *nunc pro tunc*, [appellant] again pursued a direct appeal. The Superior Court affirmed [appellant's] judgment of sentence on July 20, 2007.[Footnote 3] The Pennsylvania Supreme Court denied *allocatur* on January 30, 2008.[Footnote 4]

> [Footnote 2] *Commonwealth v. Anderson*, 860 A.2d 1123 (Pa.Super. 2004) (unpublished memorandum).

> [Footnote 3] *Commonwealth v. Anderson*, 932 A.2d 248 (Pa.Super. 2007) (unpublished memorandum).

> [Footnote 4] *Commonwealth v. Anderson*, 944 A.2d 755 (Pa. 2008).

On September 30, 2008, [appellant] filed a timely *pro se* PCRA petition. Counsel was subsequently appointed. On June 10, 2011, the PCRA court denied the petition. The Superior Court affirmed the lower court's denial of [appellant's] petition on August 31, 2012.[Footnote 5] The Pennsylvania Supreme Court denied his petition for allowance of appeal on February 21, 2013.[Footnote 6]

> [Footnote 5] *Commonwealth v. Anderson*, 60 A.3d 586 (Pa.Super. 2012) (unpublished memorandum).

> [Footnote 6] *Commonwealth v. Anderson*, 63 A.3d 772 (Pa. 2013).

On August 28, 2014, [appellant] filed the instant *pro se* PCRA petition. On March 30, 2015, the PCRA court issued its notice of intent to dismiss pursuant to Rule 907. On June 22, 2015, the PCRA

> court dismissed [appellant's] petition again as untimely. On July 2, 2015, the instant notice of appeal was filed to the Superior Court.

PCRA court opinion, 7/20/15 at 1-2.

Appellant raises the following issues for our review:

   I.     WOULD IT BE A DENIAL OF DUE PROCESS TO REQUIRE [APPELLANT] TO MEET A STANDARD OF TIMELINESS CONCERNING AN ISSUE THAT IS NON-WAIVABLE AND WHETHER OR NOT[] [APPELLANT] IS ENTITLED TO THE RETROACTIVE APPLICATION OF [**_ALLEYNE V. UNITED STATES_**, ___ U.S. ___, 133 S.Ct. 2151 (2013)] (PROSPECTIVELY)?

   II.    WHAT IS THE APPLICABILITY OF THE UNITED STATES SUPREME COURT'S DECISION IN [**_ALLEYNE_**], [___ U.S. ___,] 133 S.Ct. 2151 (2013), AND DOES THE DECISION RENDER [APPELLANT'S] SENTENCE ILLEGAL AND ALSO DID THE TRIAL COURT ABUSE [ITS] DISCRETION BY IMPOSING [ITS] SENTENCE VIA THE DEADLY WEAPONS ENHANCEMENT PROVISIONS?

   III.   DID THE TRIAL COURT ERR BY SENTENCING [APPELLANT] FOR THE CONVICTED OFFENSE OF 18 PA.C.S. § 2702(a)(2), CONSECUTIVELY PURSUANT TO THE DEADLY [WEAPONS] ENHANCEMENT, WHICH DOES NOT AUTHORIZE SENTENCING FOR THE ABOVE OFFENSE AS THE [CODE'S] DIRECTIVES DO NOT APPLY?

   IV.    WHETHER THE SENTENCE IMPOSED VIOLATES THE MERGER DOCTRINE, WHICH VIOLATES [APPELLANT'S] FIFTH AMENDMENT RIGHTS?

Appellant's brief at 4.

All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The Pennsylvania Supreme Court has held that the PCRA's time restriction is constitutionally sound. **Commonwealth v. Cruz**, 852 A.2d 287, 292 (Pa. 2004). In addition, our supreme court has instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction over the petition. **Commonwealth v. Callahan**, 101 A.3d 118, 120-121 (Pa.Super. 2014) (courts do not have jurisdiction over an untimely PCRA); **see also Commonwealth v. Wharton**, 886 A.2d 1120 (Pa. 2005).

Here, appellant's judgment of sentence became final on April 29, 2008,[2] which was 90 days after our supreme court denied discretionary review on January 30, 2008. **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903; **Commonwealth v. Cintora**, 69 A.3d 759, 763 (Pa.Super. 2013); U.S. Sup.Ct.R. 13. Therefore, appellant's petition, filed more than six years later on August 28, 2014, is facially untimely. As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant alleged

---

[2] We note that 2008 was a leap year.

and proved one of the statutory exceptions to the time bar, as set forth in 42 Pa.C.S.A. § 9545(b)(1).

Those three narrow exceptions to the one-year time bar are: when the government has interfered with the appellant's ability to present the claim, when the appellant has recently discovered facts upon which his PCRA claim is predicated, or when either the Pennsylvania Supreme Court or the United States Supreme Court has recognized a new constitutional right and made that right retroactive. 42 Pa.C.S.A. § 9545(b)(1)(i-iii); ***Commonwealth v. Brandon***, 51 A.3d 231, 233-234 (Pa.Super. 2012). The appellant bears the burden of pleading and proving the applicability of any exception. 42 Pa.C.S.A. § 9545(b)(1). If an appellant fails to invoke a valid exception to the PCRA time bar, this court may not review the petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Here, appellant has neither plead nor proven the applicability of any exception under § 9545(b)(1). Appellant's brief contains incoherent ramblings that continuously state that challenges to the legality of sentence are non-waivable, as well as unsupported claims that appellant is entitled to relief under our Supreme Court's decision in ***Alleyne v. United States***, ___ U.S. ___, 133 S.Ct. 2151 (2013).

With respect to appellant's first claim, although he correctly asserts that a challenge to the legality of sentence cannot be waived, such a challenge, however, does not circumvent the PCRA's jurisdictional time bar.

> [O]ur Supreme Court has stated unequivocally that "although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Commonwealth v. Fahy*, 558 Pa. 313, 737 A.2d 214, 223 (Pa. 1999) (citation omitted). *See also Commonwealth v. Guthrie*, 2000 PA Super 77, 749 A.2d 502, 503 (Pa.Super. 2000) (citing *Fahy* and stating that "even within the PCRA, the time limits described in 42 Pa.C.S.[A.] § 9545 have been held to apply to questions raising the legality of sentence.").

*Commonwealth v. Voss*, 838 A.2d 795, 800 (Pa.Super. 2003). Consequently, because appellant's current PCRA petition does not satisfy the PCRA's time limits and because appellant failed to plead or prove the applicability of an exception, appellant's challenge to the legality of his sentence is time barred.

With respect to appellant's second claim regarding *Alleyne*, appellant's petition fails to plead or prove an exception to the jurisdictional time bar. To the extent that appellant attempts to plead that this case falls under the PCRA's new constitutional right exception, appellant is mistaken. Even if appellant's claim had met the underlying requirements of § 9545(b)(1)(iii), he still would not be entitled to any relief because he did not satisfy the 60-day requirement set forth in § 9545(b)(2). Stated differently, appellant did not file his PCRA petition alleging such exception within 60 days of the *Alleyne* decision. To fulfill the 60-day requirement, appellant was required to file his petition within 60 days of the Court's decision. *Brandon*, 51 A.3d at 235 (finding appellant's claim, alleging

recently filed judicial decision as newly discovered fact, failed for, **inter alia**, not complying with § 9545(b)(2), "the sixty-day period begins to run upon the date of the underlying judicial decision[,]" not the date appellant became aware of the decision). The United States Supreme Court's decision in **Alleyne** was filed on June 17, 2013. Appellant filed his petition more than 14 months later on August 28, 2014. Thus, appellant's petition is untimely on this basis as well.

Accordingly, because appellant's petition is untimely and appellant has failed to plead and/or prove an exception enumerated in 42 Pa.C.S.A. § 9545(b), the PCRA court lacked jurisdiction, and it properly dismissed the petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/19/2016