J-S92005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERICK JOHN PITTMAN, SR., | |
| Appellant | No. 1963 WDA 2015 |

Appeal from the PCRA Order December 1, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0002879-2013

BEFORE:  SHOGAN, MOULTON, and STRASSBURGER,* JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JANUARY 11, 2017**

Erick John Pittman, Sr. ("Appellant") appeals *pro se* from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The facts supporting Appellant's convictions were set forth at his guilty plea hearing, as follows:

> [PROSECUTOR]:  Thank you, Your Honor.  Had this case gone to trial, the Commonwealth would have called as its witnesses City of Pittsburgh Police Officers Flynn, Joyce, Hanley and 3 civilian witnesses, Greg Linver . . . Jeff Pogenzelski . . . and Jennifer Conocico. . . .  They would testify substantially [as] follows:  Mr. Linver would testify that sometime between December 5 and December 12, I believe, or 10th, 2013, he realized that his firearm was missing.

---

* Retired Senior Judge assigned to the Superior Court.

He made a police report, and then he did further investigation of it on his own. He spoke with Jennifer, who was an acquaintance of his. He described the firearm to her, and she responded that her boyfriend, [Appellant], had the firearm. [Appellant] told her that he had taken it from Mr. Linver's residence and sold it for $200 to Mr. Pogenzelski on January 14, 2013.

Mr. Linver contacted Mr. Pogenzelski, made arrangements to meet him and buy the gun back, which he did. And at that point, Mr. Linver then contacted the police indicating how he had gone about recovering the firearm.

[Appellant] has a prior burglary conviction which would make him a person ineligible to possess a firearm. That would be at criminal case No. 2005-04142 before Judge Colville, and in that conviction, he pled guilty on July 18, 2005 and was sentenced on that day on that case.

[Appellant] does not have – a record from the Pennsylvania State Police indicating [Appellant] did not have a license to possess a firearm at that time. I believe that would be the summary of the case had it gone to trial, Your Honor.

There is – I'm sorry. Lab case No. 13LAB00589 indicates that the firearm was [test] fired and found to be in good operating condition, and it had a barrel length of four and one 16th inches long. William Best was the scientist.

N.T. Guilty Plea, 3/20/14, at 5–7.

The PCRA court recounted the procedural history of this case, as follows:

[Appellant] was charged with one count of theft, one count of possessing a firearm by a prohibited person and one count of carrying a firearm without a license. . . . On March 20, 2014, [Appellant] pled guilty to these three charges before this member of the [c]ourt. On April 22, 2014, [Appellant], through prior counsel, filed a motion to withdraw his plea of guilty. Counsel also moved to withdraw at the same time. Shortly thereafter, [Appellant] filed a pro se motion for habeas corpus.

The motion to withdraw as counsel was granted and the Public Defender's Office was appointed to represent [Appellant]. On June 23, 2014, Leslie Perlow, (hereinafter referred to as "Perlow"), the Assistant Public Defender assigned to represent [Appellant], advised the [c]ourt that [Appellant] wished to proceed forward with sentencing and no longer wished to withdraw his plea of guilty. The [c]ourt was also advised that [Appellant] sought to withdraw his pro se motion for habeas corpus. [Appellant] was sentenced on that date to a minimum sentence of forty-two months' incarceration and a maximum sentence of eighty-four months' incarceration on the count of carrying a firearm without a license. [Appellant] received a consecutive five-year period of probation on the count of theft and no further penalty on the former convict not to possess charge.

No further activity occurred in the case until October 20, 2014, when [Appellant] filed a pro se motion to dismiss for lack of subject matter jurisdiction, nunc pro tunc. On June 25, 2015, the [c]ourt appointed Christy Foreman, (hereinafter referred to as "Foreman"), to represent [Appellant] in this matter, and treated [Appellant's] filing as a pro se petition for post-conviction relief. On October 19, 2015, Foreman filed a motion for leave to withdraw as counsel pursuant to *Commonwealth v. Turner*, 544 A.2d 826 (Pa. 1988) and attached a letter to that petition, pursuant to *Commonwealth v. Turner*, *supra.* and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). That letter reflects that counsel independently reviewed the record and determined that there were no issues of merit that were raised independently by [Appellant], or could be raised on his behalf. Appointed counsel concluded that the bulk of the issues that [Appellant] sought to raise challenged the subject matter jurisdiction of the prosecution of him. [Appellant] specifically contended that the "statutes used against him are not valid laws, and they do not constitutionally exist as they do not conform to certain constitutional prerequisites, and thus are not laws at all which prevent subject matter jurisdiction to the above-named court." [Appellant] claimed that the statutes that he was charged under and by which he was sentenced lacked a proper enacting clause and were thus unconstitutional. [Appellant] further claimed that the statutes failed to have a proper title and that the [c]ourt lacked jurisdiction because the statutes were of an unknown and uncertain authority. Foreman

reviewed the applicable law and determined that all of these contentions were without merit.

Foreman also addressed the only non-jurisdictional issued raised by [Appellant] – that his public defender failed to respond to his request after sentencing to appeal his sentence or to withdraw his plea. Foreman discussed this matter with Perlow, who advised that no such request had ever been made. Perlow located [Appellant's] file and relayed to Foreman that no letters or any information were contained in the file to suggest that [Appellant] had ever made such a request. Nothing in the [c]ourt file at the Department of Court Records existed to support this contention as well. Based on the clear lack of any cognizable issues, Foreman moved to withdraw and that motion was granted.

PCRA Opinion, 8/2/16, at 2–4.

The PCRA court granted counsel's motion to withdraw and issued a notice of intent to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907 on October 26, 2015. Appellant filed a response. The PCRA court dismissed Appellant's petition without a hearing on December 1, 2015. This timely appeal followed.

As a prefatory matter, we are confronted with Appellant's glaringly deficient appellate brief. Appellate briefs must materially conform to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. *Commonwealth v. Adams*, 882 A.2d 496, 497–498 (Pa. Super. 2005); Pa.R.A.P. Chapter 21. When a party's brief fails to conform to the Rules of Appellate Procedure and the defects are substantial, an appellate court may, in its discretion, quash or dismiss the appeal pursuant to Pa.R.A.P. 2101. *See Estate of Lakatosh*, 656 A.2d 1378 (Pa. Super 1995) (dismissing appeal for non-conformance).

- 4 -

Additionally, we have often stated, "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." **Adams**, 882 A.2d at 498 (citing **Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa. Super. 2003)). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." **Id.** at 498 (citing **Commonwealth v. Rivera**, 685 A.2d 1011 (Pa. Super. 1996)). This Court will not act as counsel and will not develop arguments on behalf of an appellant. **Commonwealth v. Hardy**, 918 A.2d 766 (Pa. Super. 2007). Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. **Lyons**, 833 A.2d at 251–252.

Here, Appellant's *pro se* brief bears little resemblance to an appellate brief, lacking most of the elements required in Chapter 21 of the appellate rules. In violation of Pa.R.A.P. 2111(a)(1), (3), (4), (6); 2114, 2116(a), 2117, and 2118, Appellant's brief does not contain a statement of questions involved, a statement of jurisdiction, a statement of the scope and standard of review, a statement of the case, or a summary of Appellant's argument. Moreover, in his argument section, Appellant does not cite controlling precedent; instead, he relies on non-Pennsylvania cases. Appellant's Brief at unnumbered 3–4.

Nevertheless, despite the numerous defects in Appellant's brief, we will review the claims which have been sufficiently raised and addressed by both the lower court and the Commonwealth. Our review of Appellant's brief and the record reveals the following issues: (1) Whether the PCRA court erred in treating Appellant's motion to dismiss for lack of subject jurisdiction as a PCRA petition; and (2) Whether the PCRA court erred in dismissing Appellant's petition without a hearing?

It is well settled that "the PCRA provides the sole means for obtaining collateral review, and that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." **Commonwealth v. Johnson**, 803 A.2d 1291, 1293 (Pa. Super. 2002) (citation omitted). That Appellant has attempted to frame his petition as a "motion to dismiss for lack of subject matter jurisdiction" does not change the applicability of the PCRA. **See Commonwealth v. Fowler**, 749 A.2d 502, 503 (Pa. Super. 2000) (stating that "motion for time credit" must be treated as PCRA petition). "The [PCRA] shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose...." 42 Pa.C.S. § 9542. Therefore, the PCRA court properly treated Appellant's motion to dismiss as a PCRA petition.

Next, we address whether the PCRA court erred in dismissing Appellant's petition. According to Appellant, his convictions and sentence are illegal "because the '<u>STATUTES</u>' he was charged under in the complaint

were not properly enacted, i.e. the statutes lacked the proper enacting clause and titles." Appellant's Brief at unnumbered 2. Therefore, Appellant argues, the trial court lacked subject matter jurisdiction. *Id.* at 3. The PCRA court deemed Appellant's "subject matter jurisdictional claims [to be] frivolous" and dismissed Appellant's petition due to "the complete lack of any meritorious or cognizable issues." PCRA Court Opinion, 8/2/16, at 4, 5.

We recently addressed the issue of enacting clauses in *Commonwealth v. Stultz*, 114 A.3d 865 (Pa. Super. 2015), which is directly on point. In *Stultz* we held as follows:

> [A]lthough West Publishing Company omitted the enacting clause from its annotated edition of the Crimes Code . . ., our review of the official codification of the Pennsylvania Crimes Code enacted by the General Assembly in 1972 reveals the enacting clause immediately before the table of contents for Title 18. *See* Act of December 6, 1972, P.L. 1482 No. 334.

*Id.* at 879.

Based on our holding in *Stultz*, Appellant's assertion of the same enacting-clause argument herein is frivolous. Thus, we conclude that the PCRA court did not err in denying Appellant's petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

- 7 -

Date: <u>1/11/2017</u>