J-S92042-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| RAYMONT MAURICE LEE, | : | |
| Appellant | : | No. 1130 WDA 2016 |

Appeal from the PCRA Order July 11, 2016
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0009538-2002

BEFORE:    SHOGAN, MOULTON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED JANUARY 27, 2017**

Raymont Maurice Lee (Appellant) appeals *pro se* from the order entered on July 11, 2016, which denied his fourth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

A prior panel of this Court summarized the relevant factual history of this matter as follows.

> On June 28, 2002, [Appellant] was arrested for criminal homicide. On January 29, 2004, during trial, a Commonwealth witness improperly commented on [Appellant's] invocation of his constitutional right to counsel during interrogation. [Appellant] requested, and was granted, a mistrial. [Appellant's] counsel and the Commonwealth negotiated a plea agreement pursuant to which [Appellant] would serve 15-30 years' incarceration in exchange for pleading guilty to third-degree murder. On May 5, 2004, the court accepted the plea agreement. [Appellant] did not file a direct appeal of his sentence.
>
> On April 25, 2005, [Appellant] timely filed his first PCRA petition. Counsel was appointed and filed an amended petition

_____

* Retired Senior Judge assigned to the Superior Court.

on May 22, 2006. In the amended petition, [Appellant] claimed his constitutional right to adequate counsel was violated when counsel failed to consult with him about filing a post-sentence motion or a direct appeal. He also claimed that he involuntarily pled guilty because counsel improperly instructed him to accept the plea agreement without fully investigating possible defenses. At the August 16, 2006 PCRA hearing, counsel testified that [Appellant] did not ask for an appeal or post-sentence motion, and that he fully investigated possible defenses and fully explained the plea bargain negotiations to [Appellant]. The PCRA court credited counsel's testimony and dismissed the petition the following day, finding that [Appellant] voluntarily accepted the plea agreement and that counsel was effective.

On August 18, 2006, [Appellant] filed a timely notice of appeal. This Court affirmed the PCRA court's order on August 13, 2007. ***Commonwealth v. Lee***, 935 A.2d 15 (Pa. Super. 2007) (unpublished memorandum). [Appellant] filed a timely petition for allowance of appeal, which the Supreme Court denied on March 6, 2008. ***Commonwealth v. Lee***, 944 A.2d 756 (Pa. 2008).

On June 19, 2012, [Appellant] filed his second PCRA petition *pro se*. On July 16, 2012, the PCRA court filed a notice of intention to dismiss because [Appellant's] petition was untimely and raised a previously litigated issue. The petition was dismissed on August 31, 2012.

***Commonwealth v. Lee***, 82 A.3d 1080, at *1 (Pa. Super. filed July 26, 2013) (unpublished memorandum) (some citations omitted). Appellant timely filed a notice of appeal and, on July 26, 2013, this Court affirmed the PCRA court's order dismissing his second petition. **Id.** Appellant did not file a petition for allowance of appeal to our Supreme Court.

On April 15, 2015, Appellant filed a document entitled "Motion to Vacate His Illegal/Unconstitutional Mandatory Minimum Sentence," in which

he argued that his sentence is illegal based on the United States Supreme Court's decision in **Alleyne vs. United States**, 530 US. 466 (2013). The PCRA court treated this filing as Appellant's third PCRA petition,[1] and on May 28, 2015, the PCRA court issued notice of its intent to dismiss without a hearing pursuant to Rule of Criminal Procedure 907. Appellant filed a response on June 10, 2015, and on June 26, 2015, the PCRA court issued an order dismissing Appellant's petition. Appellant filed an appeal to this Court, which was dismissed on January 6, 2016 due to Appellant's failure to file a brief. **Commonwealth v. Lee**, 1092 WDA 2015 (Pa. Super. filed January 6, 2016) (*per curiam*).

On March 7, 2016, Appellant filed *pro se* a motion seeking to vacate his judgment of sentence pursuant to **Alleyne**, which the PCRA court treated as a fourth petition for collateral relief. On May 13, 2016, the PCRA court issued notice of its intent to dismiss the petition and, on July 11, 2016, Appellant's petition was dismissed as untimely-filed. This appeal followed.

---

[1] "It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief…. Issues that are cognizable under the PCRA must be raised in a timely PCRA petition[.]" **Commonwealth v. Taylor**, 65 A.3d 462, 465-66 (Pa. Super. 2013). Appellant's **Alleyne** claim implicates the legality of his sentence. This Court has held that claims challenging the legality of a sentence are cognizable under the PCRA. **See Commonwealth v. Guthrie**, 749 A.2d 502 (Pa. Super. 2000).

Appellant presents three issues for our review, all of which center on his allegations that his sentence is illegal under **Alleyne**. Appellant's Brief at 3.

Our standard of review of the denial of a PCRA petition is limited to examining whether the PCRA court's rulings are supported by the evidence of record and free of legal error. **Commonwealth v. Anderson**, 995 A.2d 1184, 1189 (Pa. Super. 2010). We will begin by addressing whether the PCRA court correctly determined that Appellant untimely filed his petition.

Under the PCRA, all petitions must be filed within one year of the date that the petitioner's judgment became final, unless one of three statutory exceptions applies. 42 Pa.C.S. § 9545(b)(1); **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006). For purposes of the PCRA, a judgment of sentence becomes final at the conclusion of direct review. 42 Pa.C.S. § 9545(b)(3). "The PCRA's time restrictions are jurisdictional in nature." **Chester**, 895 A.2d at 522. "Thus, '[i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" **Id.** (quoting **Commonwealth v. Lambert**, 884 A.2d 848, 851 (Pa. 2005)). We note that although a challenge based on **Alleyne** does implicate the legality of a sentence, "a legality of sentence claim may nevertheless be lost should it be raised … in an untimely PCRA petition for

- 4 -

which no time-bar exception applies." ***Commonwealth v. Miller***, 102 A.3d 988, 995-96 (Pa. Super. 2014).

Appellant's judgment became final on June 5, 2004, when the time for filing a direct appeal expired. He therefore had until June 5, 2005, in order to file timely a PCRA petition. ***Lee***, 82 A.3d 1080, at *2; 42 Pa.C.S. § 9545(b)(1).

Because Appellant untimely filed the PCRA petition at issue in March of 2016, he had the burden of pleading and offering to prove one of the following exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Moreover, "[a]ny petition invoking an exception provided in [42 Pa.C.S. § 9545(b)(1)] shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

While his *pro se* filing does not specifically mention any of the timeliness exceptions to the PCRA, he appears to argue that the Supreme

Court's decision in **Alleyne** is a new constitutional right that must be applied retroactively, which would satisfy the exception at § 9545(b)(1)(iii). Appellant's *Pro Se* Motion, 3/7/2016.

Appellant's argument is unavailing. Our Supreme Court has affirmed that "**Alleyne** does not apply retroactively to cases pending on collateral review." **Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016). Accordingly, Appellant has failed to establish the applicability of a timeliness exception, and the PCRA court properly dismissed the petition for lack of jurisdiction.

Order affirmed.


Judgment Entered.


Joseph D. Seletyn, Esq.

Prothonotary


Date: 1/27/2017