**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Donald Albert GUTHRIE,**
**Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 13, 1999.
Filed March 16, 2000.

Donald A. Guthrie, Pro Se, appellant.

William E. Hager, Asst. Dist. Atty., New Bethlehem, for Com., appellee.

Before POPOVICH, ORIE MELVIN and HESTER, JJ.

HESTER, J.:

¶ 1 Appellant, Donald Guthrie, appeals from the June 10, 1999 order of the Clarion County Court of Common Pleas which dismissed, as untimely filed, his motion to correct illegal sentence filed on May 17, 1999. The common pleas court ruled the motion must be treated as a petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541 *et seq.*, and as such, must be dismissed as untimely under 42 Pa.C.S. § 9545. We vacate the June 10, 1999 order and remand for the appointment of counsel.

¶ 2 Appellant pled guilty to statutory rape pursuant to a plea agreement whereby the Commonwealth agreed to *nol pros* charges of incest, indecent assault, and corruption of minors. The charges related to the February 27, 1995 rape by Appellant of his thirteen-year-old daughter. On April 3, 1996, the trial court sentenced Appellant to four to ten years imprisonment. Appellant did not file a direct appeal to this Court.

¶ 3 Thereafter, on May 17, 1999, Appellant filed the instant motion to correct illegal sentence. The court then denied the petition on the basis that it was untimely, and it was deprived of jurisdiction to entertain it. Subsequently, in its Pa. R.A.P. 1925 opinion, the common pleas court noted the relevance of *Commonwealth v. Ferguson*, 722 A.2d 177 (Pa.Super.1998), and urged this Court to reverse its decision to dismiss and remand for the appointment of counsel.

¶ 4 We note initially that the common pleas court dismissed the petition without the required twenty-day notice of intention to dismiss pursuant to Pa. R.Crim.P. 1507, which we have held to be mandatory. *Commonwealth v. Feighery*, 443 Pa.Super. 327, 661 A.2d 437 (1995). While Appellant has failed to raise this issue on appeal and has waived it, given our ultimate disposition today, we alert the common pleas court that in the event it subsequently dismisses this case without hearing, it should issue notice under Rule 1507.

¶ 5 The common pleas court correctly determined that the instant petition must be treated as a petition filed pursuant to the PCRA. The PCRA is the sole means by which a defendant may obtain collateral relief. 42 Pa.C.S. § 9542. We adopted this same procedure in *Commonwealth v. Hockenberry*, 455 Pa.Super. 626, 689 A.2d 283 (1997), *appeal denied*, 548 Pa. 645, 695 A.2d 784 (1997), reasoning that since a motion to modify sentence must be filed within ten days of the imposition of sentence, and a direct appeal from judgment of sentence must be filed within thirty days, the PCRA is the only vehicle for addressing legality of sentence beyond those time limits. Even within the PCRA, the time limits described in 42 Pa.C.S. § 9545 have been held to apply to questions raising the legality of sentence. In *Commonwealth v. Fahy*, 558 Pa. 313, 330–32, 737 A.2d 214, 223 (1999), our Supreme Court stated, "Although legality of sentence is always subject to review within

the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." Nevertheless, this may not be a concern instantly. Although Appellant couches his argument in terms of legality of sentence, it appears he is raising issues concerning the discretionary aspects of sentence.

¶ 6 Moreover, Appellant's motion appears to have been filed untimely. Pursuant to 42 Pa.C.S. § 9545, a PCRA petition must be filed within one year of the date the judgment becomes final. Since he did not file a direct appeal, Appellant's judgment of sentence became final thirty days after the judgment of sentence was entered on April 3, 1996, and the time for filing a direct appeal expired, or on May 3, 1996. 42 Pa.C.S. § 9545(b)(3) (judgment of sentence becomes final at conclusion of direct review or at expiration of time for seeking that review). Thus, a PCRA petition must have been filed by May 3, 1997. Appellant filed the within motion on May 17, 1999.

¶ 7 However, under *Commonwealth v. Ferguson, supra,* despite the apparent untimeliness of the PCRA petition, we remand this case for the appointment of counsel. *Ferguson* held, in reliance upon Pa.R.Crim.P. 1504 and relevant case law, that where an indigent PCRA petitioner requests the appointment of counsel for assistance in the preparation of a first petition pursuant to the PCRA, counsel must be appointed despite the apparent untimeliness of the petition. That court decided that an indigent petitioner is entitled to assistance of counsel in determining whether his petition is timely, and if not, whether circumstances exist which except the case from the ordinary timeliness requirements. *See* 42 Pa.C.S. § 9545(b)(1).

¶ 8 While the petitioner in *Ferguson* requested the appointment of counsel, and there is no indication that Appellant has done so herein, we agree with the PCRA court that appointment of counsel remains the proper result. First, as the trial court noted, Rule 1504 does not require that a request for appointment of counsel be made. The official comment to the Rule states, "Consistent with Pennsylvania post-conviction practice under former Rules 1503 and 1504, it is intended that counsel be appointed in every case in which a defendant has filed a petition for post-conviction collateral relief for the first time and is unable to afford counsel or otherwise procure counsel."

¶ 9 Second, also as noted by the PCRA court,

[I]t would be illogical to provide counsel for those petitioners who know enough law to be aware that they must request an attorney, while at the same time [deny] representation to those who are completely ignorant and make no request, and are obviously more in need of counsel. Moreover, the standard PCRA petition form used extensively by inmates in Pennsylvania contains a checkmark space for requesting appointment of counsel. Thus, the form alerts such petitioners that they may request counsel. However, where, as here, the petitioner files another type of pleading that the court elects to treat as a PCRA petition, the uninformed petitioner is never made aware that he or she may be entitled to counsel.

Trial Court Opinion, 7/6/99, at 2.

¶ 10 Since the PCRA court previously determined that Appellant is indigent, *id.* at 1, we must remand for the appointment of counsel and the preparation of an amended petition as well as further proceedings as directed by the PCRA court.

¶ 11 Order vacated. Case remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.