J. A11026/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JASON MERSCHAT, | : | No. 958 WDA 2013 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered May 16, 2013,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0012256-2009

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JASON MERSCHAT, | : | No. 1452 WDA 2013 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered August 21, 2013,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0012256-2009

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JASON MERSCHAT, | : | No. 1687 WDA 2013 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, September 30, 2013,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0012256-2009

J. A11026/14

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND OLSON, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:**FILED SEPTEMBER 12, 2014**

This matter involves three consolidated appeals from orders entered by the Honorable Kathleen Durkin in the Court of Common Pleas of Allegheny County.

## HISTORY OF THE CASE

This case stems from a traffic stop which was initiated after appellant was observed speeding and a state trooper noticed appellant exhibiting various physical signs of being drunk and failing multiple field sobriety tests. Appellant was arrested and transported to the hospital for testing of his BAC, which was determined to be 0.195%. Appellant was charged with two counts of driving under the influence of alcohol, 75 Pa.C.S.A. § 3802(c) and § 3802(a)(1), as well as one summary count of failing to drive within a single lane, two summary counts of exceeding the maximum speed limits, one summary count of careless driving, and one summary count of failing to use the safety belt system.

Before trial, appellant, through Gary Gerson, Esq., filed an omnibus motion asking the court to suppress evidence, which was denied, and a jury trial was held on July 30, 2010. The jury found appellant guilty of both counts of DUI, and Judge Durkin found appellant guilty of all summary traffic violations with the exception of failing to use the safety belt system. On November 3, 2010, he was sentenced at the first DUI count to a period of

confinement of 90-180 days and a 4-year period of probation, with alternative housing and work release approved.

Appellant filed a motion for reconsideration, which was denied. A timely notice of appeal was filed, and on February 8, 2012, a panel of this court affirmed judgment of sentence. *Commonwealth v. Merschat*, 46 A.3d 811 (Pa.Super. 2012). Appellant's petition for allowance of appeal was denied on July 17, 2012. *Commonwealth v. Merschat*, 48 A.3d 1248 (Pa. 2012). The procedural history concerning the three appeals which have been consolidated for our review follows.

## Appeal at No. 958 WDA 2013 – Motion for Early Termination of Probation

On February 19, 2013, appellant, through new counsel Jenna Rose Thorne, Esq., filed a motion for early termination of probation.[1] The motion was denied on May 16, 2013. (Docket #40.) Thereafter, on June 7, 2013, current counsel, Arnold P. Bernard, Jr., entered his appearance and, on that same date, filed a notice of appeal from the denial of appellant's motion. Appellant complied with the trial court order to file a concise statement of matters complained of on appeal, and the trial court has filed an opinion. (*See* Docket #44, 45, 46.)

---

[1] On November 8, 2012, appellant had filed a petition for early parole; the motion was denied.

**Appeal at No. 1452 WDA 2013 - Illegal Sentence**

On August 8, 2013, Attorney Bernard filed a motion to vacate illegal sentence. The motion was denied on August 21, 2013. A notice of appeal from this order was filed. Appellant argues that despite his pending appeal from the order denying termination of probation, the trial court had jurisdiction to correct the patent and obvious error.

**Appeal at No. 1687 WDA 2013 - Dismissal of PCRA Petition**

Prior to the consolidation, on August 19, 2013, while the appeal at No. 958 WDA 2013 was pending and the appeal at No. 1452 WDA 2013 had yet to be taken, appellant filed a counseled petition, pursuant to the Post Conviction Relief Act ("PCRA") through Michael Steven Sherman, Esq. Appellant's petition presented three issues relating to the ineffective assistance of his trial counsel. On August 21, 2013, Judge Durkin filed notice of the court's intention to dismiss appellant's PCRA petition, stating that the court lacked jurisdiction to consider the petition due to appellant's pending appeal at No. 958 WDA 2013. The petition was dismissed on September 30, 2013. On October 17, 2013, appellant filed a notice of appeal from this order.

## ANALYSIS

We will address the appeals in chronological order and first turn to the appeal at No. 958 WDA 2013, which concerns the motion for early termination of probation.[2]

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

***Commonwealth v. Cunningham***, 805 A.2d 566, 575 (Pa.Super. 2002), ***appeal denied***, 820 A.2d 703 (2003) (citations omitted).

Appellant argues that the trial court erred in denying his motion for early termination of his probation. He claims he has been successfully rehabilitated and the aims of probation have been fulfilled. Appellant presented information to the court regarding his personal situation and his demonstrated good behavior and exemplary adjustment. In her opinion, Judge Durkin specifically noted that the statute expressly states that the court "<u>may</u> at any time terminate continued supervision or lessen or increase the conditions upon which an order of probation has been imposed." 42 Pa.C.S.A. § 9771(a) (emphasis added). Judge Durkin did not

---

[2] We disagree with the Commonwealth and find this was a final, appealable order under Pa.R.A.P. 341.

find appellant's arguments persuasive, and noted that appellant had not served "even a quarter of his probation" at the time he applied for early termination. Following our review, we cannot find that Judge Durkin abused her discretion in denying appellant's motion.

The second appeal before this panel is at No. 1452 WDA 2013 and concerns the denial of appellant's motion to vacate his allegedly illegal sentence. Appellant averred that pursuant to **Commonwealth v. Musau**, 69 A.3d 754 (Pa.Super. 2013), the court was precluded from sentencing appellant to a penalty greater than 6 months for a second DUI conviction, and thus, his sentence of six months' confinement followed by a 4-year period of probation was illegal.[3] The trial court denied the motion, finding that it lacked jurisdiction due to the pending appeal at No. 958 WDA 2013. (Trial court opinion, 10/23/2013 at 2.)

At the outset, we note that this petition should have been treated as a PCRA petition; the PCRA is the sole means by which a defendant may obtain collateral relief. 42 Pa.C.S.A. § 9542; **Commonwealth v. Johnson**, 803 A.2d 1291, 1293 (Pa.Super. 2002) ("We have repeatedly held that . . . any petition filed after the judgment of sentence becomes final will be treated as

---

[3] Although **Musau** was decided after appellant's sentencing hearing, because it involved a first-time question of statutory interpretation, it is not a new rule of law, and generally would apply retroactively. **Fiore v. White**, 757 A.2d 842, 848 (Pa. 2000) ("when we have not yet answered a specific question about the meaning of a statute, our initial interpretation does not announce a new rule of law").

a PCRA petition."); ***Commonwealth v. Lutz***, 788 A.2d 993, 996 n.7 (Pa.Super. 2001) (holding that, generally, a filing that raises issues cognizable under the PCRA will be considered a PCRA petition); ***Commonwealth v. Guthrie***, 749 A.2d 502, 503 (Pa.Super. 2000) (appellant's "motion to correct illegal sentence" must be treated as PCRA petition).[4]  The lawfulness of a probationary sentence, ***i.e.***, whether it exceeds the legal maximum, can be challenged via the PCRA.  42 Pa.C.S.A. § 9543(a)(1)(i); 42 Pa.C.S.A. § 9543(a)(2)(vii).

Judge Durkin dismissed the motion to vacate illegal sentence filed by Attorney Bernard for lack of jurisdiction due to the pending appeal before this court at No. 958 WDA 2013.  Appellant's August 19, 2013 PCRA petition filed by Attorney Sherman was also dismissed by Judge Durkin for the same reason.  Given that we have resolved the first appeal, we vacate these

---

[4] Because appellant's claim is cognizable under the PCRA, appellant must comply with the time requirements of Section 9545.  Appellant's judgment of sentence became final for purposes of the PCRA on Monday, October 15, 2012, 90 days after the Pennsylvania Supreme Court denied review, and appellant did not seek an appeal with the United States Supreme Court. ***See*** 42 Pa.C.S.A. § 9545(b)(3); Rule 13, Rules of the United States Supreme Court ("a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.").  Thus, appellant's counseled petition filed on August 8, 2013, was timely filed.

orders and remand the matter to the trial court. This remand shall permit appellant to file an amended petition.[5]

Order denying appellant's motion for early termination of probation is affirmed. Order dismissing appellant's motion to vacate illegal sentence is vacated. Order dismissing appellant's PCRA petition vacated. Remanded for proceedings consistent with this Memorandum. Appellant's motion to correct/modify record pursuant to Pa.R.A.P. 1926 is denied as moot. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/12/2014

---

[5] For the sake of clarity, nothing in this Memorandum should be interpreted as deciding the merits of appellant's substantive claims regarding the appeals at No. 1452 WDA 2013 and No. 1687 WDA 2013.