J-S02016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TYREE BOHANNON | |
| Appellant | No. 3561 EDA 2014 |

Appeal from the Order Entered November 14, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003140-2008,
CP-51-CR-0003141-2008

BEFORE:  SHOGAN, J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JANUARY 12, 2016**

Tyree Bohannon appeals from the order of the Court of Common Pleas of Philadelphia County that denied his *pro se* motion to correct illegal sentence.  After careful review, we vacate the order and remand for appointment of counsel to assist Bohannon in litigating a petition under the Post Conviction Relief Act (PCRA).[1]

On September 22, 2007, Bohannon shot Darren Dieter outside a restaurant in Philadelphia.  One of the bullets severed Dieter's spinal column rendering him a quadriplegic.  Another bullet passed through Dieter's chest and struck his girlfriend in the arm.

---

[1] 42 Pa.C.S. §§ 9541-9546.

On December 8, 2008, Bohannon pled guilty to attempted murder, aggravated assault and possession of a firearm. The same day, the Honorable Gwendolyn Bright sentenced him to an aggregate sentence of fifteen to thirty years' incarceration.[2] Four years later, Dieter died as a result of his injuries, and the Commonwealth charged Bohannon with homicide. On October 23, 2013, Bohannon pled guilty to third-degree murder. The same day, the Honorable Benjamin Lerner sentenced Bohannon to fifteen to forty years' incarceration, to run concurrently with the previous sentence, and without credit for time served.[3]

On September 4, 2014, Bohannon filed a motion to correct an illegal sentence; on September 16, 2014, he filed a motion for credit for time served; and on October 31, 2014, he filed an additional motion to vacate an illegal sentence. By order dated November 14, 2014, Judge Bright denied all motions.

Bohannon filed a timely notice of appeal, and, in response to an order from the trial court, he filed a Pa.R.A.P. 1925(b) concise statement of errors

---

[2] Bohannon did not file an appeal from his judgment of sentence. Accordingly, his sentence became final for purposes of the PCRA on January 7, 2009, when the period in which to file a direct appeal had passed.

[3] Bohannon did not file an appeal from his judgment of sentence. Accordingly, his sentence became final for purposes of the PCRA on November 27, 2013, when the period in which to file a direct appeal had passed.

complained of on appeal. In the statement he avers, "The (PCRA) Court erred in dismissing Appellant's Petition for relief without an evidentiary hearing." Rule 1925(b) Statement, 2/12/15, at 1. He further avers that his sentence violates double jeopardy. In her Rule 1925(b) opinion, Judge Bright states:

> Appellant first complains that this Court committed error in dismissing his PCRA Petition without an evidentiary hearing. This claim is belied by the record and is without merit. The Record reflects that Appellant did not file a PCRA Petition and that the Court, therefore, did not dismiss a proceeding pursuant to the PCRA relating to Appellant.

Trial Court Opinion, 5/6/15, at 3.

The Commonwealth notes, and we agree, that the trial court should have treated Bohannon's motion to vacate his sentence as a PCRA petition. *See Commonwealth v. Johnson*, 803 A.2d 1291, 1293 (Pa. Super. 2002) (concluding that appellant's motion to vacate sentence qualified as PCRA petition); *Commonwealth v. Guthrie*, 749 A.2d 502, 503 (Pa. Super. 2000) (holding motion to correct illegal sentence would be treated as PCRA petition where appellant did not file post-sentence motions or a direct appeal).[4] Furthermore, "when an unrepresented defendant satisfies the judge that the defendant is unable to afford counsel . . . the judge shall

---

[4] Bohannon's first post-sentence petition was filed on September 4, 2014. Although Bohannon's challenge to his 2008 sentence would be untimely under section 9545(b)(1) of the PCRA unless he could allege and prove one of the exceptions set forth in subsections (i)-(iii), his petition could raise a timely challenge to his October 27, 2013 judgment of sentence.

appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief." Pa.R.Crim.P. 904(C). Accordingly, we vacate the trial court's order and remand for appointment of counsel.

Order vacated. Case remanded for appointment of counsel. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/2016