J-S58011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA,<br><br>Appellee<br><br>v.<br><br>MIGUEL ANGEL RUIZ-LATORRE,<br><br>Appellant | IN THE SUPERIOR COURT OF<br>PENNSYLVANIA<br><br><br><br><br><br><br>No. 2279 MDA 2015 |

Appeal from the PCRA Order December 15, 2015
in the Court of Common Pleas of Dauphin County
Criminal Division at Nos.: CP-22-CR-0001460-2011
CP-22-CR-0003663-2010
CP-22-CR-0005850-2010

BEFORE: GANTMAN, P.J., BOWES, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.:          **FILED AUGUST 05, 2016**

Appellant, Miguel Angel Ruiz-Latorre, appeals from the order dismissing his counseled, amended second petition seeking relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546, as untimely. Appellant contends that his sentence must be vacated in a retroactive application of **Alleyne v. United States**, 133 S. Ct. 2151 (2013). We affirm.

Appellant challenges the judgment of sentence imposed on November 11, 2011, pursuant to a mandatory minimum sentence provision following

---

[*] Retired Senior Judge assigned to the Superior Court.

his guilty plea to possession with intent to deliver a controlled substance in a school zone.

Appellant raises one hybrid question for review:

Whether the trial court erred in denying relief in the form of modifying and correcting an illegal sentence pursuant to *Alleyne*, and the Pennsylvania cases that follow that decision, and in its failure to treat the Appellant's original *nunc pro tunc* request for relief as a *nunc pro tunc* filing, which was filed after *Alleyne* was decided?

(Appellant's Brief, at 4) (superfluous capitalization omitted).

To the extent review of the PCRA court's determinations is implicated, an appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

*Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citations and internal quotation marks omitted). For legal questions our standard of review is *de novo*, and our scope of review is plenary. *See id.*

Preliminarily, we note that the PCRA court properly treated Appellant's motion, filed September 6, 2013, to modify and reduce sentence *nunc pro tunc* as a PCRA petition.

"We have repeatedly held that . . . any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." *Commonwealth v. Johnson*, 803 A.2d 1291, 1293 (Pa. Super. 2002). That [the appellant] has attempted to frame his petition as a "motion to correct illegal sentence" does not change the applicability of the PCRA. *See Commonwealth v. Guthrie*, 749 A.2d 502, 503 (Pa. Super. 2000) (appellant's "motion to correct illegal sentence" must be treated as PCRA petition).

***Commonwealth v. Jackson***, 30 A.3d 516, 521 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012).

Substantively, Appellant maintains that he is entitled to have his sentence vacated pursuant to ***Alleyne***. (***See*** Appellant's Brief, at 7, 11). However, our Supreme Court has recently decided that ***Alleyne*** does not apply retroactively to cases pending on collateral review. ***See Commonwealth v. Washington***, No. 37 EAP 2015, 2016 WL 3909088, at *8 (Pa. filed July 19, 2016). "We hold that ***Alleyne*** does not apply retroactively to cases pending on collateral review, and that Appellant's judgment of sentence, therefore, is not illegal on account of ***Alleyne***." ***Id.***[1]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/5/2016

_____

[1] Moreover, Appellant's incidental arguments, not included in his statement of questions presented, are waived, unpersuasive and would not alter our disposition.