J-S26005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| VICTOR WESLEY HARE, III | |
| Appellant | No. 994 MDA 2016 |

Appeal from the Judgment of Sentence May 19, 2016
In the Court of Common Pleas of Northumberland County
Criminal Division at No(s): CP-49-CR-0001359-2014

BEFORE:  BOWES, DUBOW, AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JULY 31, 2017**

Victor Wesley Hare, III, appeals from the judgment of sentence of five to ten years imprisonment that was imposed after a jury convicted him of possession of a firearm by a prohibited person.  We reverse and remand for a new trial because Appellant was improperly forced to proceed *pro se*.

On October 13, 2014, Point Township Police Officers and medical personnel responded to an emergency call about an eleven-year-old unresponsive child at a residence on Springhouse Road, Northumberland. The child in question was deceased.  Due to the nature of the eleven-year-old's death, police began to secure the scene.  Appellant was present and admitted that he had firearms in the home.  Police, as part of their investigation in the child's death, conducted a criminal background check of

* Former Justice specially assigned to the Superior Court.

Appellant. Appellant had multiple felony convictions, and, after learning of those offenses, police obtained a search warrant for the residence in question. A shotgun and two rifles were recovered from Appellant's bedroom.

Our review of the public docket sheets indicates that, in a separate criminal action, 512 of 2015, Appellant was charged with homicide and various other offenses due to the events that occurred on October 13, 2014. On April 20, 2017, a jury found Appellant guilty of one count each of drug delivery resulting death and involuntary manslaughter and two counts each of endangering the welfare of a child and reckless endangerment. Appellant was acquitted of aggravated assault and indecent assault.

In the present case, Appellant was charged with possession of a firearm by a prohibited person, and, on May 19, 2016, a jury found Appellant guilty of the offense. This appeal followed imposition of a five-to-ten year term of imprisonment. Appellant raises these averments:

    I.   Whether the trial court erred in denying Appellant's request for a continuance to obtain new counsel thereby requiring him to proceed pro se without a proper waiver.

    II.   Whether the trial court erred in not hearing Appellant's motion for nominal bail until after the jury trial and sentencing was complete.

Appellant's brief at 4.

On appeal, Appellant first complains that the trial court forced him to relinquish his constitutional right to counsel by allowing court-appointed

counsel to withdraw after a jury was selected, denying Appellant's ensuing requests for a continuance and appointment of another lawyer, and then forcing him to proceed *pro se* without dissemination of a Pa.R.Crim.P. 121 waiver-of-counsel colloquy.[1] We agree with this position and grant Appellant a new trial.

_____

[1] Pa.R.Crim.P. 121 states:

> (2) To ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent, the judge or issuing authority, at a minimum, shall elicit the following information from the defendant:
>
>> (a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;
>>
>> (b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;
>>
>> (c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;
>>
>> (d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;
>>
>> (e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and

*(Footnote Continued Next Page)*

The pertinent facts follow. The first docket entry is a notice of acceptance and request for transfer of this case to special and conflicts office. Assistant Public Defender Michael D. Suders, Esquire, certified that Appellant qualified for a public defender, but the office had a conflict because it was representing a key witness in another case filed against Appellant, criminal action number 1360 of 2014, which involved one count of endangering the welfare of a child.

In the present case, Kathleen Lincoln, Esquire, was appointed as conflicts counsel. She represented Appellant throughout this matter. On October 5, 2014, Appellant entered a guilty plea, which he was allowed to withdraw at sentencing due to a discrepancy between the standard guideline ranges outlined at the guilty plea and the actual standard guideline range applicable based upon information in Appellant's presentence report.

Appellant leveled no complaints about Attorney Lincoln and never requested another lawyer prior to trial. After the jury was selected, Attorney

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

> (f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

Pa. R. Crim. P. 121.

Lincoln asked the court to recuse itself. That request was denied. She then stated that Appellant told her that, if the recusal request was denied, Appellant wanted another lawyer to be appointed. Rather than deny the motion for new counsel and require Attorney Lincoln to continue to represent Appellant, which was the proper action herein, the trial court ordered Appellant to proceed *pro se*. The court directed Attorney Lincoln to act as standby counsel, and the matter proceeded to trial.

In its Rule 1925(a) opinion, the trial court ruled that Appellant had forfeited his right to counsel. It analogized to our holding in ***Commonwealth v. Kelly***, 5 A.3d 370 (Pa.Super. 2010), and determined that Appellant had forfeited his right to counsel "with his unreasonable demand on the morning of his trial; his express dissatisfaction with his third counsel and any potential appointed attorney available in the county." Opinion, 10/19/16, at unnumbered 4. The court highlighted Appellant's desire to retain Attorney Lincoln as counsel in his related trial as evidence that his position was unreasonable. ***Id***.

In ***Commonwealth v. Lucarelli***, 971 A.3d 1173 (Pa. 2009), our High Court drew a clear distinction between waiver of counsel and forfeiture of counsel. It noted that "waiver is 'an intentional and voluntary relinquishment of a known right.'" ***Id***. at 1179 (citation omitted). Forfeiture, on the other hand, "does not require that the defendant intend to relinquish a right, but rather may be the result of the defendant's 'extremely

serious misconduct' or 'extremely dilatory conduct.'" *Id*. (citation omitted). Of import here, the Supreme Court held that Rule 121, and its colloquy requirement, do not apply to forfeiture of the right to counsel.

With this framework in place, we examine the trial court's reliance on *Kelly*, *supra*. In *Kelly*, the defendant, Kelly, filed a motion to withdraw a guilty plea that he entered only after the trial court granted a motion by trial counsel to withdraw on the eve of trial. This Court found that Kelly had forfeited his right to counsel, and thus, concluded that his guilty plea was knowingly, voluntarily, and intentionally tendered. In finding that Kelly had forfeited his right to counsel, we emphasized the following:

> Kelly was a criminal defendant who had been unwilling to cooperate with all three counsel assigned to him; who argued all counsel were incompetent because they refused to argue what he believed was the law; who, the day after his *pro se* motion to withdraw his first guilty plea was granted, filed *pro se* an omnibus pre-trial motion seeking suppression of evidence on a ground the trial court had already addressed (validity of search warrant); who wanted a counsel, but only one who would please him; who treated appointed counsel with disdain; whose trial had been already postponed because he could not agree with assigned counsel (counsel 2); who had been warned by the trial court that failure to cooperate with assigned counsel (counsel 3) would result in him representing himself *pro se* at trial; who sought to have other counsel appointed to him (who would have been counsel 4) and postpone the trial instead of trying to cooperate with counsel 3; and who clearly was not interest in listening closely to what [the trial judge] was telling him, consumed as he was in making his point counsel were ineffective and he knew the law better than assigned counsel.

*Kelly*, *supra* at 381-382. Based on these circumstances, which demonstrate extremely dilatory conduct by Kelly, we found that he had intentionally forfeited his right to counsel.

The forfeiture of one's right to counsel is a severe sanction, which should be reserved only for outrageous conduct. Since we find that Appellant's behavior did not rise to the level of "extremely serious misconduct" or "extremely dilatory conduct," *Lucarelli*, *supra*, we find that the trial court erred in determining that *Kelly* controls the disposition of this matter.

Instantly, Appellant was, in effect, only represented by one attorney. Although the court appointed the public defender's office to represent him, the public defender withdrew its representation, having found a conflict of interest. Attorney Lincoln, in her capacity as conflict counsel, was appointed, and remained Appellant's attorney except for a brief interruption, at no fault of Appellant, when she left the office on conflict counsel. Nevertheless, she continued representing Appellant. Thus, Attorney Lincoln was the only lawyer able to act on Appellant's behalf, conflict free, for the duration of this matter.

Moreover, unlike the defendant in *Kelly*, Appellant's pre-trial conduct did not evince a pattern of failure to cooperate with counsel. Notwithstanding that Attorney Lincoln ultimately cited a "breakdown in communication," and "irreconcilable difference," as motivating her desire to

withdraw from representation, **see** N.T. Trial, 5/19/16, at 6-7, the record does not indicate that Appellant was overtly uncooperative. In fact, Appellant requested that Attorney Lincoln remain his counsel of record in his related criminal proceeding.

Further, the court did not warn Appellant that his behavior would result in a forfeiture of his right to counsel and that he would be forced to represent himself *pro se* at trial. Indeed, Appellant requested counsel be appointed for the purposes of trial, and presumably, expected that he would be represented by counsel at all times. He did not request to proceed *pro se* at any point before trial. We acknowledge that Appellant's request for a continuance immediately prior to trial hindered the efficient administration of justice, but his conduct was not so extreme as to justify the forfeiture of his right to counsel. **Compare Commonwealth v. Thomas**, 879 A.2d 246 (Pa.Super. 2005) (finding defendant forfeited right to counsel through pattern of misconduct, abuse, threats, and failure to collaborate in own defense with five separate attorneys); **Commonwealth v. Coleman**, 905 A.2d 1003 (Pa.Super. 2006) (affirming a finding of forfeiture where defendant had means to obtain counsel, yet continually appeared without counsel after dismissing them or engaging in conduct forcing them to withdraw); **Lucarelli**, **supra** (finding defendant forfeited right to counsel after he engaged in extremely dilatory conduct, had means to obtain counsel, retained counsel on several occasions but caused attorneys to

withdraw, was provided money by court to obtain counsel, and was still unrepresented at trial).

In light of the foregoing, we find Appellant's trial was tainted. Since Appellant did not engage in conduct vindicating the court's decision to force him to proceed *pro se*, the trial court had a duty to conduct the colloquy required by Rule 121, and, as it failed to do so, we must correct this error. ***See Commonwealth v. Guthrie***, 749 A.2d 502 (Pa.Super. 2000), (this Court reversed and remanded for appointment of counsel where defendant had legal right to counsel during proceeding in question). Appellant must be provided with counsel if he so desires, and, if he does not want a lawyer, he must be given a full colloquy pursuant to Rule 121.[2]

Judgment of sentence reversed. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/31/2017

_____

[2] Additionally, we find that, due to Appellant's subsequent conviction and sentence at criminal action number 512 of 2015, his second issue is moot, as he is bound to remain incarcerated throughout the duration of his new trial.