**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| GARY WILLIAM CHESLAK | |
| Appellant | No. 3134 EDA 2016 |

Appeal from the Order Dated August 31, 2016
In the Court of Common Pleas of Carbon County
Criminal Division at No(s): CP-13-CR-0000309-1997
CP-13-CR-0000562-1996

BEFORE: LAZARUS, J., SOLANO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED AUGUST 17, 2017**

Appellant Gary William Cheslak appeals *pro se* from the order dismissing his "Motion to Stay Collection of Court Costs" as an untimely Post-Conviction Relief Act (PCRA)[1] petition. We affirm.

The lower court set forth the facts and procedural history of this case as follows:

> On December 16, 1997, [Appellant] entered guilty pleas for the charges in the present cases. On May 29, 1998, [Appellant] was sentenced and ordered to pay the costs of prosecution. On July 2, 1999, the Superior Court vacated [Appellant]'s sentence and ordered that [Appellant] be resentenced. [Appellant] was resentenced on October 22, 1999, and was again ordered to pay

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

the costs of prosecution.[2]   After various appeals and post-conviction proceedings, [Appellant] was provided with a certificate of costs from the District Attorney's Office in 2010. On March 14, 2013, [Appellant] filed a Petition for Writ of Mandamus, challenging certain costs and requesting that they be stricken.  A non-jury trial on the matter was held on November 7, 2014.  On January 30, 2015, this [c]ourt issued a "Decision and Verdict" for the Mandamus action.  [Appellant] appealed this [c]ourt's "Decision and Verdict" on March 5, 2015.  On April 30, 2015, the Superior Court dismissed [Appellant]'s appeal on the basis that no issues had been preserved for appellate review.

PCRA Ct. Op., 11/29/16, at 1-2 (footnote omitted).

On June 9, 2016, Appellant filed his Motion to Stay Collection of Court Costs.  He argued that the Commonwealth never provided him with a specific bill of costs or demonstrated how such costs were necessary to the prosecution.  Without this information, Appellant asserted that he could not challenge the costs and was denied due process.

The lower court held a hearing on Appellant's motion, and Appellant filed a brief.[3]  On August 31, 2016, the court dismissed Appellant's motion for lack of jurisdiction.  The court explained that Appellant's contention that the award of costs was not supported by the record was a challenge to the

_____

[2] After the new sentence was imposed, Appellant filed post-sentence motions, which were denied on February 24, 2000.  Appellant did not file a direct appeal, and therefore his judgment of sentence became final on Monday, March 27, 2000, when the time period for filing a direct appeal expired. **See Commonwealth v. Cheslak**, 795 EDA 2010, at 6 (Pa. Super. Mar. 1, 2011) (unpublished memorandum) (addressing timeliness of Appellant's third PCRA petition).

[3] The Commonwealth was given the opportunity to file a brief but did not file one.

legality of his sentence, and thus Appellant's motion must be treated as a PCRA petition. Order, 8/31/16, at 2. Because Appellant's petition was not filed until approximately seventeen years after his judgment of sentence, it was untimely, and the lower court did not have jurisdiction to rule on it. *Id.* at 3.

On September 12, 2016, Appellant filed a Motion for Reconsideration, which the lower court denied on September 14, 2016. On September 30, 2016, Appellant filed a notice of appeal.

In this appeal, Appellant raises the following issues, as stated in his brief:

1. Did the lower court err in denying [Appellant's] Motion to Stay Collection of Court costs?

2. Did the lower court err in treating said motion as a PCRA?

3. Did the lower court err in stating that the lower court lacks jurisdiction?

4. Did the lower court err in stating that said motion attacks the legality of sentence?

Appellant's Brief at 2. As the lower court explained, Appellant's primary argument for all of his issues is that the lower court erred by treating his Motion to Stay Collection of Court Costs as a PCRA petition. PCRA Ct. Op. at 3.

The PCRA "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S. § 9542. A PCRA action is "the sole means of

- 3 -

obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose . . . ." *Id.* "[T]he PCRA is the only vehicle for addressing legality of sentence" after time limits for filing a motion to modify a sentence and to file a direct appeal have expired. *Commonwealth v. Guthrie*, 749 A.2d 502, 503 (Pa. Super. 2000). Where, as here, a defendant is ordered to pay costs as part of his sentence, a challenge based on the contention that the imposition of costs is unsupported by the record is a challenge to the legality of the sentence. *Commonwealth v. Allshouse*, 924 A.2d 1215, 1229 n.28 (Pa. Super. 2007), *aff'd*, 985 A.2d 847 (Pa. 2009), *vacated on other grounds*, 562 U.S. 1267 (2011). Thus, the PCRA court properly treated Appellant's motion, which was filed over sixteen years after his sentence became final, as a PCRA petition. *See id.*; *Guthrie*, 749 A.2d at 503.

"This Court's standard of review regarding an order dismissing a petition under the PCRA is to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Furgess*, 149 A.3d 90, 93 (Pa. Super. 2016) (internal quotation marks and citation omitted). Here, the PCRA court dismissed Appellant's petition for lack of jurisdiction because it was untimely. As this Court has said:

> The timeliness of a post-conviction petition is jurisdictional. Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges and the

- 4 -

petitioner proves one of the three exceptions to the time limitations for filing the petition set forth in [42 Pa.C.S. § 9545(b)(1)].

*Id.* at 92 (citations and footnote omitted).

As the PCRA court recognized, Appellant filed the instant petition well over one year after his judgment of sentence became final, and he did not invoke any exception to the PCRA's time limitations. PCRA Ct. Op. at 4-6; *see also* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Thus, the PCRA court correctly concluded that it lacked jurisdiction over Appellant's petition. PCRA Ct. Op. at 6. Because the PCRA court did not err, we affirm the order below. *See Furgess*, 149 A.3d at 93.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/17/2017

- 5 -