J-S79022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| VERNELL MORRIS | : | |
| | : | |
| Appellant | : | No. 3731 EDA 2016 |

Appeal from the PCRA Order November 3, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1113151-1992

BEFORE:  GANTMAN, P.J., LAZARUS, J., and OTT, J.

JUDGMENT ORDER BY LAZARUS, J.:          **FILED FEBRUARY 01, 2018**

Vernell Morris appeals from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing his petition for collateral relief filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  We vacate and remand.

Following a waiver trial before the Honorable Paul Ribner, Morris was convicted of first-degree murder, five counts each of aggravated assault and recklessly endangering another person, and possession of an instrument of crime. On September 8, 1994, Judge Ribner sentenced Morris to life imprisonment.    This Court affirmed his judgment of sentence. ***Commonwealth v Morris***, 678 A.2d 831 (Pa. Super. 1996) (Table), and on January 7, 1997, the Pennsylvania Supreme Court denied his petition for allowance of appeal.  ***Commonwealth v. Morris***, 689 A.2d 232 (Pa. 1997) (Table).  Morris did not seek certiorari in the United States Supreme Court

and, therefore, his judgment of sentence became final on April 7, 1997, when the time to file a petition for writ of certiorari with the United States Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3) ("a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."). *See also* U.S.Sup.Ct.R. 13, 28 U.S.C.A.

On September 22, 2008, Morris filed a *pro se* writ of habeas corpus, which the Honorable Sheila Woods-Skipper dismissed without prejudice to allow him to file a PCRA petition. On July 20, 2012, Morris filed his first *pro se* PCRA petition and the court served him with notice of its intention to dismiss pursuant to Pa.R.Crim.P. 907(1). Morris did not respond to the Rule 907 notice and the PCRA court dismissed Morris' petition as untimely on November 3, 2016. This appeal followed. Thereafter, the PCRA court filed its opinion, requesting this Court remand for appointment of counsel pursuant to Pa.R.Crim.P. 904(C) ("[W]hen an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant *on the defendant's first petition* for post-conviction collateral relief.").

Here, neither the 2008 petition nor the 2012 petition were counseled. Morris has not been afforded the assistance of counsel in a prior post-conviction proceeding. We agree with the PCRA court that remand for

- 2 -

appointment of counsel is necessary here.  **See** Pa.R.Crim.P. 904(C); **see also**

**Commonwealth v. Guthrie**, 749 A.2d 502 (Pa. Super. 2000).

> This necessary conclusion . . . implicates a long line of Pennsylvania precedent requiring unequivocally that prisoners seeking post-conviction relief by whatever name be afforded the assistance of counsel. **See Commonwealth v. Smith**, 572 Pa. 572, 818 A.2d 494, 498 (2003) ("[T]he rules of criminal procedure require the appointment of counsel in PCRA proceedings."); **Commonwealth v. Albrecht**, 554 Pa. 31, 720 A.2d 693, 699 (1999) ("The denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel."); [**Commonwealth v.**] **Kutnyak**, 781 A.2d [1259,] 1262 [(Pa. Super. 2001)] (holding that appellant is entitled to representation of counsel on first PCRA petition "despite any apparent untimeliness of the petition or the apparent non-cognizability of the claims presented"); **Guthrie**, 749 A.2d at 504 (remanding for appointment of counsel); **Commonwealth v. Quail**, 729 A.2d 571, 573 (Pa. Super. 1999) (same); **Commonwealth v. Ferguson**, 722 A.2d 177, 180 (Pa. Super. 1998) (same). These holdings follow from the mandatory language contained in Pa.R.Crim.P. 904, formerly Pa.R.Crim.P. 1504.

**Commonwealth v. Evans**, 866 A.2d 442, 444 (Pa. Super. 2005).

We remand for the appointment of counsel and the preparation of an amended petition as well as further proceedings as directed by the PCRA court.

Order vacated.  Case remanded for proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esc.
Prothonotary

Date: 2/1/18