J-S50023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFF SCHIRONE WILLIAMS | : | |
| | : | |
| Appellant | : | No. 64 WDA 2018 |

Appeal from the PCRA Order December 18, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0014658-2004

BEFORE:  BOWES, J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY OTT, J.:                    **FILED SEPTEMBER 24, 2018**

Jeff Schirone Williams appeals *pro se* from the order entered December 18, 2017, in the Court of Common Pleas of Allegheny County, dismissing, without a hearing, his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Williams claims (1) the PCRA court erred in denying him the appointment of counsel, (2) his sentence is illegal under ***Alleyne***,[2] and (3) he is entitled to credit for time served.  Based upon the following, we affirm.

The history of this case was summarized by this Court in Williams' previous appeal:

> On June 25, 2007, the trial court sentenced Williams to an aggregate term of 15 to 30 years' incarceration following his convictions for kidnapping, corruption of minors, possession with

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] ***Alleyne v. United States***, 570 U.S. 99 (2013).

intent to deliver, possession of a controlled substance, and possession of drug paraphernalia. Williams filed a post-sentence motion, which the trial court denied on July 11, 2007. Williams appealed to this Court and on May 3, 2010, we affirmed his judgment of sentence. [***Commonwealth v. Williams***, 4 A.3d 181 (Pa. Super. 2010) (unpublished memorandum)].

On June 20, 2011, Williams filed his first PCRA petition, which he later amended. The PCRA court dismissed Williams' petition and Williams appealed. On March 12, 2013, this Court vacated the PCRA court's order dismissing Williams' petition and remanded for a hearing to determine whether Williams should receive credit for time served. [***Commonwealth v. Williams***, 69 A.3d 1290 (Pa. Super. 2013) (unpublished memorandum)]. On June 26, 2013, the trial court held a hearing at which Williams was present and modified Williams' sentence to reflect credit for time served. That same day, the trial court entered a judgment of sentence. Williams appealed, and we affirmed on February 20, 2014. Thereafter, Williams filed a second PCRA petition, which the PCRA court denied on March 26, 2015. He appealed and, on January 29, 2016, we affirmed the portion of the PCRA court's order denying relief on Williams' ***Alleyne/Hopkins*** and offense gravity score ("OGS") claims and vacated the order to the extent it purportedly imposed fees and costs as part of the 2013 judgment of sentence. ***See Commonwealth v. Williams***, 136 A.3d 1041, 2016 Pa. Super Unpub. LEXIS 254, at *17 (Pa. Super. filed 2016). We remanded for a determination of whether Williams was responsible for fees and costs. ***Id.***

Following remand, the trial court held a hearing on April 12, 2016, at which Williams was present, and the court determined that the imposition of fees and costs was a clerical error. That same day, the trial court entered a judgment of sentence. Williams timely filed his notice of appeal.

***Commonwealth v. Williams***, 175 A.3d 1100 (Pa. Super. Ct. 2017) (unpublished memorandum) (footnotes omitted). On August 21, 2017, this Court affirmed the 2016 judgment of sentence. ***Id.*** Williams did not seek further review.

On November 9, 2017, Williams filed the present PCRA petition, seeking PCRA relief and appointment of counsel. On December 19, 2017, the PCRA court denied the petition and the request for appointed counsel.[3] This appeal followed.[4]

Williams contends the PCRA court erred by failing to appoint counsel for his current PCRA petition that challenges the judgment of sentence entered on April 12, 2016, and affirmed by this Court on August 21, 2017. Williams asserts the current petition is a timely, first PCRA petition under the 2016 judgment of sentence, and he is therefore entitled to appointment of counsel. **See** Williams' Brief at 10, *citing* **Commonwealth v. Guthrie**, 749 A.2d 502, 504 (Pa. Super. 2000) ("[W]here an indigent PCRA petitioner requests the appointment of counsel for assistance in the preparation of a first petition pursuant to the PCRA, counsel must be appointed ….") We conclude Williams' argument is unavailing.

_____

[3] The PCRA court did not issue Pa.R.Crim.P. 907 notice of intent to dismiss the petition. However, Williams does not challenge the absence of the Rule 907 notice and, therefore, the issue is waived. **Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013).

[4] Although the PCRA court did not direct Williams to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, Williams filed a Rule 1925(b) statement of his own accord, claiming the "PCRA court erred by dismissing PCRA petition without appointing counsel pursuant to [Pa.R.Crim.P.] 904." Williams' Concise Statement, 1/9/2018.

As a result of Williams' prior, successful PCRA petition, this Court vacated his 2013 sentence to the extent it imposed fees and costs, and remanded to the trial court for a determination whether Williams was responsible for fees and costs. *Williams*, 136 A.3d 141 (Pa. Super. 2016) (unpublished memorandum). On April 12, 2016, the trial court issued an amended sentencing order without fees and costs, and Williams appealed to this Court, which affirmed the judgment of sentence. In his current *pro se* PCRA petition, Williams claims his sentence is illegal under *Alleyne*.[5] Furthermore, in this appeal, Williams claims he is entitled to credit for time served.

The 2016 sentencing order, however, does not reset the date upon which Williams' judgment of sentence became final for purposes of the PCRA. In *Commonwealth v. McKeever*, 947 A.2d 782 (Pa. Super. 2008), this Court explained that a successful first PCRA petition "does not 'reset the clock' for the calculation of the finality of the judgment of sentence for purposes of the PCRA where the relief granted in the first petition neither restored a petitioner's direct appeal rights nor disturbed his conviction, but, rather, affected his sentence only." *Id.* at 785. *See also Commonwealth v. Lesko*, 15 A.3d 345, 366 (Pa. 2011) ("Lesko's 'right' to first petition PCRA review is

_____

[5] In his petition, Williams asserts this Court, in his prior PCRA appeal, "did not address the correct [*Alleyne*] argument presented by Petitioner challenging [42 Pa.C.S. §] 9714." Williams' PCRA Petition, 11/9/2017, at 1 n.2.

- 4 -

necessarily confined to that part of the final Pennsylvania judgment that was disturbed by the federal *habeas* proceedings. All other aspects of the original judgment remain as before – final"). Therefore, in this case, the trial court's act of correcting a clerical error did not reset the clock for the calculation of Williams' finality of judgment for purposes of a subsequent PCRA petition.

Accordingly, because Williams' PCRA petition sets forth an ***Alleyne*** claim, which is a claim unrelated to his 2016 resentencing, his petition constitutes a **second**, untimely petition.[6] Consequently, the PCRA judge properly dismissed Williams' petition without appointing counsel. ***See*** Pa.R.Crim.P. 904 ("[T]he judge **shall** appoint counsel to represent the

_____

[6] For a court to entertain any PCRA petition, the petition must be filed no later than one year after petitioner's judgment of sentence becomes final, unless he establishes one of the enumerated exceptions to the timebar. 42 Pa.C.S. § 9545(b)(1)(i-iii). In Williams' prior PCRA appeal, this Court determined Williams' 2013 sentence became final on March 22, 2014. ***Williams***, 136 A.3d 1041 (Pa. Super. 2016) (unpublished memorandum). Furthermore, in that prior appeal, this Court addressed Williams' claim that his 2013 sentence was illegal under ***Alleyne***. ***See Williams, id.*** Here, the current petition, filed on November 9, 2017, is facially untimely and Williams has not attempted to establish any enumerated exception.

To the extent Williams contends in this appeal that his sentence is illegal under ***Alleyne*** and that he is entitled to credit for time served, neither this Court nor the PCRA court has jurisdiction to review these legality of sentence claims due to the untimeliness of the petition. ***See Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) (claims challenging the legality of sentence are subject to review under the PCRA, but must first satisfy the PCRA's time limits).

defendant on the defendant's **first** petition for post-conviction collateral relief.") (emphasis added).

Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/2018