J-S39027-24 & J-S39028-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD MARTIN CONNER | : | |
| | : | |
| Appellant | : | No. 218 WDA 2024 |

Appeal from the Judgment of Sentence Entered July 26, 2022
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001572-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD MARTIN CONNER | : | |
| | : | No. 219 WDA 2024 |
| Appellant | | |

Appeal from the Judgment of Sentence Entered July 26, 2022
In the Court of Common Pleas of Erie County Criminal Division at
No(s):  CP-25-CR-0002869-2020

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED: January 16, 2025**

In these appeals, which we now consolidate for disposition,[1] Richard Conner purports to appeal from his judgment of sentence. For the reasons discussed below, we vacate the trial court's order denying Conner's *nunc pro tunc* post-sentence motion and remand with instructions.

On May 12, 2022, a jury convicted Conner of multiple crimes including terroristic threats and aggravated assault, as a result of two incidents where he confronted his ex-girlfriend. On July 26 2022, the trial court imposed an aggregate term of 8 to 16 years of imprisonment, to be followed by a two-year probationary term.

On August 5, 2022, trial counsel filed a motion to withdraw, in which he requested the appointment of new counsel and an extension of time to file post-sentence motions. Although the court scheduled a hearing on this motion in September, it was later continued at Conner's request, and ultimately argued on December 5, 2022. That same day, the trial court entered an order granting newly appointed counsel thirty days to file a post-

---

[1] Previously, this Court issued a rule to show cause why these two appeals should not be consolidated. In her response, Conner's counsel asked that the appeals not be consolidated so that the issues could be briefed separately. Thereafter, the rule was discharged and the propriety of consolidation was deferred to this panel. We now consolidate the appeals.

In addition, we note that, at No. 218 WDA 2024, counsel has filed a motion to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967). For the reasons expressed ***infra***, we grant counsel's motion to withdraw, and, upon remand, direct the PCRA court to appoint new counsel.

sentence motion.  Current counsel was assigned the case on December 22, 2022.

On January 4, 2023 current counsel filed a petition for extension of time because she "cannot file anything on behalf of [Conner] until the transcripts are received."  Current counsel stated that she was filing a motion for transcripts and that she was requesting thirty days "from the date the last transcript is received by her" from the court reporters to file a post-sentence motion.  According to current counsel, "this will give [her] time to review the transcripts and correspond with [Conner] regarding any questions she might have in regard to the information contained therein."

The next day, the trial court entered an order directing the court stenographers to file "all transcripts of all proceedings" for Conner and notify current counsel as soon as this task was completed.

Over ten months later, Conner filed a motion to reinstate his post-sentence rights *nunc pro tunc*.  In this motion, current counsel averred that, although the final transcript was filed in May, she "inadvertently failed to file the post sentence motion in a timely manner after the final transcript was filed."  Counsel stated that, in order to preserve sentencing issues for appeal, it was necessary to file a post-sentence motion in order for Conner to seek modification of his sentence.  The trial court directed the Commonwealth to file a response, and the Commonwealth stated that it did not object to Conner's motion to reinstate his post-sentence motions *nunc pro tunc*,  or to a second extension of time to file the motion.

On December 21, 2023, Conner filed a "Motion for Post-Sentence Relief." In this motion, Conner asserted that the trial court erred in consolidating the two dockets for trial and that the verdict was against the weight of the evidence. The Commonwealth filed a response in which it contended that each issue raised by Conner was meritless. By opinion and order entered February 6, 2024, the trial court denied Conner's motion for post-sentence relief. These appeals followed. Both Conner and the trial court have complied with Pa.R.A.P. 1925.

Before reaching the merits of either appeal, we must first determine whether the trial court had jurisdiction to address Conner's 2023 post-sentence motion filed 17 months after his sentence was imposed. In response to our rule to show cause, current counsel explained that the trial court considered the 2023 post-sentence motion as a PCRA petition pursuant to **Commonwealth v. Taylor**, 65 A.3d 462 (Pa. Super. 2013). Thereafter, this Court received a letter from the trial court confirming counsel's position.

Our review of the certified record in these appeals readily reveals that counsel's reliance upon **Taylor** is misplaced. In **Taylor**, the trial court denied Taylor's serial post-conviction writ of *habeas corpus* as an untimely post-sentence motion, and this Court affirmed. **Taylor**, 65 A.3d at 464. In doing so, however, we agreed with the Commonwealth that Taylor's filing was not a post-sentence motion, but rather, a serial, untimely PCRA petition. **Id.** at 465. We then noted that a petition for relief under the PCRA must be filed within one year of the date the PCRA petitioner's judgment of sentence

- 4 -

becomes final unless the petition alleges and proves that an exception to the PCRA's time bar is met. *Id.* at 468. We determined that because Taylor did allege and prove a time-bar exception, he waived any procedural irregularity under the PCRA. *Id.*

Here, for PCRA purposes, Conner's judgment of sentence became final on August 25, 2022, thirty days after he failed to file an appeal to this Court. Thus, he had until August 25, 2023, to file a timely first PCRA petition.[2] As he filed his motion for post-sentence relief in December 2023, it is untimely. Nonetheless, as recognized and contrasted by this Court in *Taylor*, in cases where an untimely motion was improperly considered outside the PCRA, "the defendants were proceeding on what would have been their first-time PCRA proceedings, entitling them to counsel if the motion were treated as a PCRA petition[.]" *Id.* (citing *Commonwealth v. Evans*, 866 A.2d 442 (Pa. Super. 2005), and *Commonwealth v. Commonwealth v. Guthrie*, 749 A.2d 502 (Pa. Super. 2000)). In these situations, PCRA counsel must be appointed even if the PCRA petition appears untimely, to assist the petitioner in determining whether a timeliness exception may apply. *Guthrie*, 749 A.2d at 504.

---

[2] We recognize that current counsel was not appointed until 5 months after the sentence was imposed and the court granted two extensions to file post-sentence motions (December 5, 2022 and January 4, 2023). The deadline for fling a timely post-sentence motion was May 2023.

In sum, because Conner is entitled to PCRA counsel to pursue his first claim for post-conviction relief (to prove a claim of ineffectiveness against current counsel), we must remand for the appointment of new counsel and the preparation of a PCRA petition as well as further proceedings under the PCRA.

Motion to withdraw as counsel granted. Order vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 01/16/2025