J-S19006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER M. WILLIAMS | : | |
| | : | |
| Appellant | : | No. 2344 EDA 2018 |

Appeal from the PCRA Order Entered July 10, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004715-2011

BEFORE: LAZARUS, J., KUNSELMAN, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.: **FILED JULY 16, 2019**

Christopher M. Williams appeals from the order, entered in the Court of
Common Pleas of Philadelphia County, denying his petition filed pursuant to
the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. On
appeal, PCRA counsel filed an "***Anders*** Brief" and an application to withdraw.[1]

---

[1] Counsel filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967),
apparently under the mistaken belief that an ***Anders*** brief is required where
counsel seeks to withdraw on appeal from the denial of PCRA relief.
A ***Turner/Finley*** no-merit letter, however, is the appropriate filing. **See
*Commonwealth v. Turner***, 544 A.2d 927 (1988); ***Commonwealth v.
Finley***, 550 A.2d 213 (1988). However, because an ***Anders*** brief provides
greater protection to a defendant, this Court may accept an ***Anders*** brief in
lieu of a ***Turner/Finley*** letter. ***Commonwealth v. Widgins***, 29 A.3d 816,
817 n.2 (Pa. Super. 2011).

---

\* Retired Senior Judge assigned to the Superior Court.

Based on our review of the record, we affirm the PCRA court's order dismissing Williams' petition and grant PCRA counsel's petition to withdraw.

On April 5, 2011, Williams was arrested on numerous charges related to the violent robbery of a hearing-impaired man. On March 9, 2012, a jury found Williams guilty of robbery,[2] conspiracy to commit robbery,[3] and burglary.[4] On May 16, 2012, the trial court sentenced Williams to an aggregate term of ten to thirty years' incarceration. Williams filed a direct appeal to this Court, which affirmed his judgment of sentence on June 20, 2013. **See Commonwealth v. Williams**, 1526 EDA 2012 (Pa. Super. filed June 20, 2013) (unpublished memorandum decision). The Supreme Court of Pennsylvania denied his petition for allowance of appeal on December 3, 2013. **See Commonwealth v. Williams**, 370 EAL 2013 (Pa. 2013).

On December 8, 2014, Williams filed a *pro se* PCRA petition. The PCRA court appointed counsel, J. Matthew Wolfe, Esquire, who filed an amended PCRA petition on July 22, 2016. In the amended petition, Williams argued that trial counsel was ineffective for failing to obtain surveillance videos from the crime area that would have shown Williams was not involved in the offenses for which he was convicted. Williams also requested discovery to

[2] 18 Pa.C.S.A. § 3701(a)(1)(ii).

[3] 18 Pa.C.S.A. § 903.

[4] 18 Pa.C.S.A. § 3502(a).

allow him to obtain copies of the surveillance videos, either from the District Attorney or via subpoena, as well as a hearing to examine Williams and trial counsel, Public Defender Krista Quinn, Esquire, on the record. PCRA counsel attached certifications to the amended petition. The certifications averred Williams would testify at a PCRA hearing that he informed his trial counsel of the videotape, and that trial counsel would testify "as to her knowledge of the existence of the videotapes, her efforts to obtain them and the reasons why she did not present said evidence." Williams Amended PCRA Petition, at 3-4.

The record does not contain an order granting or denying Williams' request for discovery. However, in response to the PCRA court's directive, in a letter dated June 6, 2018, the Assistant District Attorney stated that she found nothing in the Commonwealth's "trial file" to suggest the Commonwealth ever possessed any surveillance videos. The Commonwealth filed a motion to dismiss on May 9, 2018. Williams did not respond to the motion. On July 6, 2018, the PCRA court dismissed the petition.[5] PCRA counsel filed a notice of appeal and a statement pursuant to Pa.R.A.P. 1925(c), stating his intent to file an **Anders** brief. The PCRA court did not issue a Rule 1925(a) opinion.

---

[5] We note with displeasure the PCRA court's failure to issue the mandatory notice of intent to dismiss prior to dismissing the petition without a hearing. Pa.R.Crim.P. 907. However, Williams has not raised the issue; thus, it is waived. **See Commonwealth v. Guthrie**, 749 A.2d 502, 503 (Pa. Super. 2000). As discussed **infra**, we found the appeal meritless. Therefore, the error was harmless.

We first consider whether counsel has complied with the technical requirements necessary to withdraw under ***Turner/Finley***.

> Counsel petitioning to withdraw from PCRA representation must proceed [under ***Turner/Finley*** and] must review the case zealously. ***Turner/Finley*** counsel must then submit a "no-merit" letter to the [PCRA] court, or [a] brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues [that] petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel.
>
>        \*      \*      \*
>
> Where counsel submits a petition and no-merit letter that satisfy the technical demands of ***Turner/Finley***, the court—[PCRA] court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

***Commonwealth v. Doty***, 48 A.3d 451, 454 (Pa. Super. 2012) (quoting ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007)).

Williams' counsel has complied with the technical requirements of ***Turner*** and ***Finley***. Counsel filed a brief with this Court that includes a recitation of the facts, an accurate recitation of the governing legal authority, and a legal analysis which explains counsel's conclusion that Williams' PCRA appeal is meritless. Counsel submitted a copy of this brief to Williams, along with a letter explaining Williams' further appellate rights and a copy of the petition to withdraw.

Counsel having satisfied the above requirements, we must examine the record to determine if the PCRA court erred in denying relief without a hearing. ***Commonwealth v. Burton***, 121 A.3d 1063, 1067 (Pa. Super. 2015). Counsel has requested to withdraw; therefore, we must independently review the record to determine whether there exist any potentially meritorious issues. ***Commonwealth v. Pitts***, 981 A.2d 875, 876 n. 1 (Pa. 2009). Here, we find no merit in Williams' ineffective assistance of counsel claim.

A petitioner's right to an evidentiary hearing is not absolute. "It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." ***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa. Super. 2012) (quoting ***Commonwealth v. Turetsky***, 925 A.2d 876, 882 (Pa. Super. 2007) (internal citations omitted)). For a PCRA court to deny relief without a hearing, there must be no genuine issue of material fact. ***See*** Pa.R.Crim.P. 907.

Williams' issue concerns trial counsel's effectiveness. We presume counsel was effective, and it is Williams' burden to prove otherwise. ***See*** ***Commonwealth v. Fears***, 86 A.3d 795, 804 (Pa. 2014). To prevail on an ineffectiveness claim, Williams' must establish:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) [appellant] suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

*Commonwealth v. Lesko*, 15 A.3d 345, 373 (Pa. 2011). Williams must prove each element; merely alleging each element is not sufficient. *See Commonwealth v. Mason*, 130 A.3d 601, 618 (Pa. 2015). A reasonable basis does not require that counsel chose the most logical course of action, but that the decision had some reasonable basis. *Commonwealth v. Bardo*, 105 A.3d 678, 684 (Pa. 2014). "To demonstrate prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's actions or inactions, the result of the proceeding would have been different." *Mason*, 130 A.3d at 618 (citing *Strickland v. Washington*, 466 U.S. 668, 684 (1984)).

Here, PCRA counsel certified that Williams would testify that he told trial counsel of the video surveillance before the trial. Trial counsel did not offer such evidence at trial. Williams has clearly pled sufficient facts to raise a genuine issue concerning the first two elements of his claim of ineffective counsel. However, Williams has failed to show how he can prove the third element, prejudice. PCRA counsel explained that neither the Commonwealth nor the trial counsel possesses the surveillance video; without the surveillance video, Williams cannot demonstrate a reasonable probability that the result of the proceeding would have been different. *See Lesko*, 15 A.3d at 373. Because Williams has not shown he can prove the prejudice prong of the *Strickland* test, his ineffective assistance of counsel claim is meritless. *See*

- 6 -

*Commonwealth v. Becker*, 192 A.3d 107, 112 (Pa. Super. 2018) (failure to establish any prong of the *Strickland* test is fatal to the claim).

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/16/19