J-A28013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| COREY MAEWEATHER | |
| Appellant | No. 1800 EDA 2019 |

Appeal from the PCRA Order May 10, 2019
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-2684-1996

BEFORE:  BEFORE:  PANELLA, P.J., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.                    **FILED MARCH 03, 2020**

Corey Maeweather appeals from the order of the Court of Common Pleas of Northampton County (PCRA Court) denying as untimely his "Motion to Modify Sentence – Nun Pro Tunc" seeking a modification of his sentence. The motion was filed on March 29, 2019. Maeweather had been sentenced on July 10, 1998, following a guilty plea and degree-of-guilt hearing. The court sentenced him to life without parole on the charge of first-degree murder, 18 Pa.C.S.A. § 2502(a), with an additional 10 to 20 years' incarceration on the charges of kidnapping, 18 P.S. § 2901, and conspiracy to commit kidnapping, 18 P.S. § 903(a)(1).

---

[*] Former Justice specially assigned to the Superior Court.

Appointed counsel has filed a **Turner/Finley[1]** brief and a petition for leave to withdraw. We grant counsel's petition and affirm the PCRA Court's order.

Maeweather's petition falls under the Post-Conviction Relief Act, because the PCRA is the sole means by which a defendant may obtain collateral relief. **See** 42 Pa.C.S.A. § 9542 ("The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis"). **See Commonwealth v. Guthrie**, 749 A.2d 502, 503 (Pa. Super. 2000) (holding appellant's "motion to correct illegal sentence" must be treated as PCRA petition); **see also Commonwealth v. Evans**, 866 A.2d 442, 444 (Pa. Super. 2005) (motion for reconsideration or modification of sentence should be treated as PCRA petition); **Commonwealth v. Johnson**, 803 A.2d 1291, 1293 (Pa. Super. 2002) (motion to vacate sentence qualified as a PCRA petition). Therefore, Maeweather's "Motion to Modify Sentence – Nunc Pro Tunc" must be considered a petition for relief under the PCRA. The fact that Maeweather has attempted to frame his petition as a "Motion to

---

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Modify Sentence" does not change the applicability of the PCRA. **See Guthrie**, 749 A.2d at 503.

This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014). On April 20, 1998, Maeweather entered a negotiated guilty plea to an open charge of criminal homicide,[2] kidnapping and criminal conspiracy.

Following a degree-of-guilt hearing, the trial court found him guilty of First Degree Murder for which he was sentenced, on July 10, 1998, to life in prison without parole. Maeweather was sentenced to an additional 10 to 20 years' incarceration on the charges of Kidnapping and Conspiracy to Kidnapping. Maeweather's sentence was affirmed by the Superior Court on July 1, 1999.

Maeweather's first PCRA Petition was filed on October 22, 2002; it was dismissed by the PCRA Court on March 12, 2003. This Court dismissed his appeal from that order due to his failure to file a brief.

His second PCRA Petition was filed on August 26, 2004. It was dismissed on February 11, 2005, and our Court quashed his appeal as being untimely filed.

---

[2] 18 Pa.C.S.A. § 2501(a).

The current appeal is from the denial of his motion that was filed on March 29, 2019. The PCRA Court ruled:

> Thus, this instant PCRA Petition is untimely for not being filed within one year from when judgment became final in Defendant's case and outside the jurisdiction of this Court. Moreover, Defendant has not asserted that his Petition falls within the exceptions . . . to the one year limitation, and therefore, we find his claims to be without merit.

PCRA Court, 4-10-19, at 2.

Counsel was appointed by the PCRA Court to represent Maeweather in the instant case but has moved to withdraw from representation. On April 10, 2019, the PCRA Court filed a Rule 907 notice of its intention to dismiss Maeweather's petition without a hearing. **See** Pa.R.Crim.P. 907(1). Counsel has filed an appropriate **Turner/Finley** brief, and has filed a timely petition to withdraw.

As a preliminary matter, we must address whether counsel has met the requirements of **Turner**/**Finley**, which requires him to conduct an independent review of the record before a court can authorize his withdrawal. Appointed PCRA counsel must file a no-merit letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. **See Commonwealth v. Freeland**, 106 A.3d 768, 774 (Pa. Super. 2014). Counsel is required to contemporaneously serve upon his client his no-merit letter and application to withdraw, along with a statement that if the court granted counsel's withdrawal request, the client may proceed either *pro se* or with a

- 4 -

privately retained attorney. *See id.* We must conduct our own independent evaluation of the record and agree with counsel that the petition is meritless. *See id.*

From our review, we find that counsel has substantially complied with the requirements of *Turner*/*Finley* and their progeny, detailing his review of the record and his conclusion that Maeweather's claims lack merit. Counsel also notified Maeweather and furnished him with a copy of his no merit brief, and advised him of his right to proceed *pro se* or to retain private counsel. Accordingly, we will grant counsel's petition to withdraw.

Next, although we would typically proceed to our independent review of Maeweather's claims, we must determine the timeliness of Maeweather's petition.

"It is well-settled that the PCRA's time restrictions are jurisdictional in nature. As such, this statutory time-bar implicates the court's very power to adjudicate a controversy and prohibits a court from extending filing periods except as the statute permits." *Commonwealth v. Robinson*, 139 A.3d 178, 185-186 (Pa. 2016) (citations omitted). Under the PCRA, any petition for relief must be filed within one year of the date on which the judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final for purposes of the PCRA at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the

review." **Robinson**, 139 A.3d at 185–86 (internal quotation marks and citations omitted).

Here, Maeweather's judgment of sentence became final in 1999, when his time to file an appeal with the Pennsylvania Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3). Because Maeweather filed the instant motion on March 28, 2019, it is untimely on its face, and the PCRA court lacked jurisdiction to review it unless he pleaded and proved one of the statutory exceptions to the time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

The three exceptions that allow for review of an untimely PCRA petition are limited to: (1) the petitioner's inability to raise a claim because of governmental interference; (2) the discovery of previously unknown facts that would have supported a claim; and (3) a newly recognized constitutional right. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545 (b)(2).

If the PCRA petition is determined to be untimely, and no exception has been pled and proved, the petition must be dismissed "because Pennsylvania courts are without jurisdiction to consider the merits of the petition." **Commonwealth v. Jackson**, 30 A.3d 516, 519 (Pa. Super. 2011) (citation omitted).

The motion filed by Maeweather, which is by statute a petition under the PCRA, is untimely on its face. Maeweather has not attempted to establish

a timeliness exception under the PCRA. **See** Motion, filed 3/29/19, at 1-2.

Therefore, we affirm the PCRA court's order.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/3/20