J-S15024-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :         PENNSYLVANIA
        Appellant   :
  :
  :
  :
        v.   :
  :
  :
  :
RODNEY STERLING MCGEE   :   No. 1032 WDA 2020

Appeal from the Order Entered September 10, 2020
In the Court of Common Pleas of Washington County Criminal Division
at No(s): CP-63-CR-0002358-1994

BEFORE:   LAZARUS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:          **FILED: JULY 7, 2021**

The Commonwealth appeals from the order granting the motion filed by

Appellee Rodney Sterling McGee (McGee), and vacating McGee's sentence for

attempted homicide.[1]  Because McGee's motion should have been construed

under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-45, we

reverse and remand.

On November 5, 1994, McGee went on a crime spree; he beat a man to

death, assaulted two people, kidnapped three women, and stole two vehicles.

***See*** N.T., 3/27/96, at 2-3.  McGee was charged with criminal homicide,

attempted criminal homicide, two counts of aggravated assault, two counts of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 901(a), 2501.

theft by unlawful taking, and three counts of kidnapping.[2]  On March 27, 1996,

he entered into a negotiated guilty plea at all counts.  In accordance with the

plea agreement, the trial court sentenced McGee to an aggregate 32½ to 65

years in prison.  He did not appeal.

The PCRA court summarized the procedural history leading to the

underlying appeal as follows:

> On March 27, 1996, [President Judge Thomas D. Gladden]
> entered two orders of sentence.  In the first, a handwritten
> document entitled "Sentence," Judge Gladden imposed no term of
> imprisonment for the attempted murder of Donna Lee Williams,
> and he issued a term of 10 to 20 years imprisonment for
> aggravated assault of Donna Lee Williams, a felony of the first
> degree, among other sentences.  **See** Motion to Correct Illegal
> Sentence, Exhibit B.  In the second, a typed document entitled
> "Order," Judge Gladden imposed a term of 5 to 10 years
> imprisonment for the attempted murder of Donna Lee Williams, a
> felony of the second degree, and he imposed a concurrent term
> of 10 to 20 years imprisonment for the aggravated assault of
> Donna Lee Williams, a felony of the first degree, among other
> sentences.  **See** Motion to Correct Illegal Sentence, Exhibit C.  In
> total, Judge Gladden decided to impose a sentence of no less than
> thirty-two and one-half years to no more than sixty-five years in
> a state correctional institution.
>
> On June 3, 2020, [McGee] filed a *pro se* Petition for Post
> Conviction Relief.  On June 1[5], 2020, [the PCRA court] appointed
> Corrie Woods as counsel for [McGee].  On August 5, 2020,
> [McGee], through counsel, filed a Motion to Correct Illegal
> Sentence.  He claimed that there was an obvious incompatibility
> existing in these two orders, and further, for sentencing purposes,
> these two offenses would merge.  From this basis, [McGee]
> believed that there was an obvious error.  This [c]ourt agreed that
> an error existed and granted the request.  Consequently, Count 2

---

[2]  18  Pa.C.S.A.  §§  2501(a),  901(a),  2501(a),  2702(a),  3921(a),  and
2901(a)(1).

of his sentence was dismissed by this [c]ourt on September [10], 2020. The Commonwealth filed an appeal of this decision on [October 1], 2020.

PCRA Court Opinion, 10/13/20, at 1-2 (some citations and footnotes omitted).[3]

The Commonwealth presents two issues for our review:

I.     Whether the [PCRA] court erred when it dismissed the count of attempted homicide based upon a sentence being illegal when the claim was brought twenty-four (24) years after sentencing, outside of the jurisdictional time constraints set by the PCRA.

II.    Whether the [PCRA] court erred when it dismissed the count of attempted homicide based upon evergreen authority to correct a patent error such as an illegal sentence when the error was not patent and the authority is not evergreen with respect to illegal sentences.

Commonwealth Brief at 4.

In both issues, the Commonwealth argues the PCRA court erred by considering McGee's motion independent of the PCRA. *See* Commonwealth Brief at 9-17. The Commonwealth asserts the "court made an error of law when it determined the issue of an illegal sentence is not a PCRA issue," and "the issue of an illegal sentence is waived if not brought within the time periods [] set by the PCRA." *Id.* at 8 (footnote omitted). We agree.

"Whether a PCRA court has jurisdiction to correct allegedly illegal sentencing orders absent statutory jurisdiction under the PCRA is a question of law." *Commonwealth v. Jackson*, 30 A.3d 516, 518 (Pa. Super. 2011)

_____

[3] The PCRA court did not order a Rule 1925(b) concise statement.

(citation omitted), *appeal denied*, 47 A.3d 845 (Pa. 2012) (Table). "Accordingly, our scope of review is plenary and our standard of review is *de novo*." **Id.** (citation omitted).

The PCRA "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S.A. § 9542. When an action is cognizable under the PCRA, the PCRA is the "**sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose**[.]" **Id.** (emphasis added).

Citing, *inter alia*, **Commonwealth v Holmes**, 933 A.2d 57 (Pa. 2007), McGee argues his motion was properly granted because the PCRA court had "inherent authority to correct its patent and obvious mistakes evidenced by nonconformance with the record, common sense, and black-letter law." McGee's Brief at 9. In **Holmes**, the Pennsylvania Supreme Court created a narrow exception to 42 Pa.C.S.A. § 5505 ("a court upon notice to the parties may modify or rescind any order within 30 days after its entry . . . if no appeal from such order has been taken or allowed"), and recognized a trial court's "inherent power to correct patent errors despite the absence of traditional jurisdiction." **Id.** at 65.

The Commonwealth does not dispute the **Holmes** holding, but emphasizes "Pennsylvania authority from the Superior Court that indicates when the one year [PCRA] filing requirement has expired, and no exception is presented, the court cannot exercise its jurisdiction to correct orders, even if

- 4 -

the error is patent and erroneous." Commonwealth Brief at 13 (citing

***Jackson***, 30 A.3d at 523). In ***Jackson***, this Court interpreted ***Holmes*** in the

context of an untimely PCRA petition, stating "we have found no authority

wherein the appellate courts of this Commonwealth have recognized a PCRA

court's inherent jurisdiction to consider a claim filed after the expiration of the

PCRA filing period." ***Id.*** at 519; ***see also Commonwealth v. Whiteman***,

204 A.3d 448, 451 (Pa. Super. 2019). We concluded that while "***Holmes*** []

recognized the limited authority of a trial court to correct patent errors in

sentences absent statutory jurisdiction under section 5505; it did not establish

an alternate remedy for collateral relief that sidesteps the jurisdictional

requirements of the PCRA." ***Jackson***, 30 A.3d at 521.

Under ***Jackson***, we must agree with the Commonwealth. McGee

concedes "Judge Gilman did not view [him]self as granting relief pursuant to

the PCRA, but, rather, found that the orders contained a mistake and corrected

the mistake." McGee's Brief at 13. This was error. McGee commenced this

action when he filed his *pro se* petition seeking relief under the PCRA. The

court then appointed counsel, who filed the motion on McGee's behalf. In

***Jackson***, we explained:

> Section 9545 of the PCRA is not amenable to [] equitable
> exceptions. Section 9545 expressly states that a PCRA petition
> "shall be filed within one year of the date the judgment becomes
> final" unless one of the statutory exceptions is pled and proven.
> 42 Pa.C.S.A. § 9545. Our courts have strictly interpreted this
> requirement as creating a jurisdictional deadline. Further, our
> courts have interpreted jurisdiction under [S]ection 9545
> differently than [S]ection 5505. Unlike [S]ection 5505, [S]ection

9545 does not merely grant a court authority to consider a PCRA petition for a limited period of time; it acts to divest a court of jurisdiction once the filing period has passed. Therefore, when the one-year filing deadline of [S]ection 9545 has expired, and no statutory exception has been pled or proven, **a PCRA court cannot invoke inherent jurisdiction to correct orders, judgments and decrees, even if the error is patent and obvious**.

Our holding is consistent with the policy underlying the PCRA. The legislature amended the PCRA in 1995 to establish a strict one-year filing deadline for PCRA petitions. The statute, as amended, incorporates three exceptions to the one-year filing deadline. The legislature never intended, nor have our courts permitted, any equitable exceptions beyond those stated in the statute itself. **Although the one-year deadline is strictly applied, it nevertheless provides sufficient opportunity to discover errors in sentences. If an error exists in a sentence that is clearly erroneous such that a trial court could modify the order absent statutory authority under [S]ection 5505, the petitioner is afforded adequate time under [S]ection 9545 to discover the error during the course of the direct appeals process or within one year of the judgment becoming final. Beyond this time-period, courts are without jurisdiction to offer any form of relief**.

*Id.* at 522-23 (some citations omitted, emphases added).

McGee filed his underlying PCRA petition, followed by his motion, nearly 25 years after his judgment of sentence became final.[4] It is well-settled that "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." *Jackson*, 30 A.3d at 521. McGee cannot circumvent the PCRA by invoking the court's "inherent authority to correct its patent and obvious mistakes, as evidenced by the record, common sense, and black-letter law, forever and ever, amen." McGee's Brief at 13; *see*

---

[4] McGee acknowledges the underlying petition is not his first. *See* McGee's Brief at 2 ("In 2000, he filed an action pursuant to the PCRA, but to no avail.").

*Commonwealth v. Guthrie*, 749 A.2d 502, 503 (Pa. Super. 2000) (defendant's "motion to correct illegal sentence" must be treated as a PCRA petition); *Commonwealth v. Kutnyak*, 781 A.2d 1259, 1261 (Pa. Super. 2001) (the PCRA is "the exclusive vehicle for obtaining post-conviction collateral relief . . . regardless of the manner in which the petition is titled."). Thus, for the PCRA court to consider the merits of McGee's motion, McGee had to plead and prove an exception to the PCRA's time-bar.[5]

We reiterate that no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment of sentence became final, unless the petitioner can plead and prove one of the three statutory exceptions, *i.e.*, governmental interference, unknown facts, or a newly-recognized, retroactive constitutional right. 42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). If a petition is untimely, and the petitioner has not pled and proven an exception, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the

---

[5] We note Judge Gilman repeatedly referred to himself as the "PCRA court." PCRA Court Opinion, 10/13/20, at 5.

substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006)).

McGee was sentenced on March 27, 1996; he did not appeal, and therefore his judgment of sentence became final 30 days later, on April 26, 1996. ***See*** 42 Pa.C.S.A. § 9545(b)(3) (judgment of sentence becomes final "at the expiration of time for seeking the review"); Pa.R.Crim.P. 720(A)(3) ("If the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence[.]").

Because McGee filed his petition more than 20 years late, it is facially untimely, and the PCRA court lacked jurisdiction in the absence of McGee pleading and proving an exception under Section 9545(b)(1). Our review confirms McGee "has failed to allege that any of the exceptions would apply[.]" Commonwealth Brief at 11.

> We explained in ***Jackson***:
>
> [E]ven if there was an obvious illegality in Jackson's sentence, the PCRA court would not have had jurisdiction to consider Jackson's claim. ***Holmes II*** recognized the limited authority of a trial court to correct patent errors in sentences absent statutory jurisdiction under section 5505; it did not establish an alternate remedy for collateral relief that sidesteps the jurisdictional requirements of the PCRA.
>
> Jackson's "motion to correct illegal sentence" is a petition for relief under the PCRA. Jackson has petitioned the PCRA court, nearly 20 years after his 1988 judgment of sentence became final, to reconsider the order because of alleged illegalities. "We have repeatedly held that ... any petition filed after the judgment of sentence becomes final will be treated as

a PCRA petition." ***Commonwealth v. Johnson***, 803 A.2d 1291, 1293 (Pa. Super. 2002). That Jackson has attempted to frame his petition as a "motion to correct illegal sentence" does not change the applicability of the PCRA. ***See Commonwealth v. Guthrie***, 749 A.2d 502, 503 (Pa.Super.2000) (appellant's "motion to correct illegal sentence" must be treated as PCRA petition).

We base this conclusion on the plain language of the PCRA, which states that "[the PCRA] provides for an action by which ... persons serving illegal sentences may obtain collateral relief."

***Jackson***, 30 A.3d at 521.

***Jackson*** is on point.[6] Accordingly, we conclude the PCRA court "made an error of law when it determined the issue of an illegal sentence is not a PCRA issue" and vacated McGee's sentence. ***See*** Commonwealth Brief at 8.

Order reversed. Case remanded for reinstatement of McGee's sentence at count 2 (attempted homicide). Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/7/2021

---

[6] As noted above, the Pennsylvania Supreme Court denied Jackson's petition for allowance of appeal. ***Commonwealth v. Jackson***, 47 A.3d 845 (Pa. 2012) (Table).