J-A18041-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NORMAN ELDER BOOHER | : | |
| | : | |
| Appellant | : | No. 1459 WDA 2021 |

Appeal from the PCRA Order Entered November 16, 2021
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0002368-2019

BEFORE: STABILE, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED: NOVEMBER 9, 2022**

Norman Elder Booher appeals the denial of his request for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. He claims the court erred by failing to issue notice of its intent to dismiss his petition without a hearing pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. We affirm.

On December 17, 2019, Booher pled guilty to burglary and was sentenced the same day to three to six years' incarceration followed by two to three years reporting probation with credit for time served.[1] Booher did not file a direct appeal. Booher filed the instant petition on November 14, 2021, after the denial of a series of PCRA petitions. He raised claims of ineffective assistance of counsel, the unavailability of exculpatory evidence, and a

_____

[1] 18 Pa.C.S.A. § 3502(a)(4).

violation of the United States and Pennsylvania constitutions. The petition did not raise any time-bar exception and did not address the timeliness of the petition. The next day, the court dismissed the petition, stating that the petition "contains the same issues as his previous six petitions." Order, filed 11/16/21. The court did not issue a Rule 907 notice. It later justified its conclusion in its Pa.R.A.P. 1925(a) opinion by citing the comment to Rule 907, which states that in certain circumstances, the court may summarily dismiss a PCRA petition. This timely appeal followed.

Booher raises one issue: "Did the PCRA court err in failing to comply with the notice requirements of Pa.R.Crim.P. 907 before dismissing Booher's petition?" Booher's Br. at 4.

We review the denial of PCRA relief to determine whether the PCRA court's factual findings are supported by the record and if it committed any legal error. **See Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014).

When a court determines that a PCRA petition should be dismissed without a hearing, the court must provide notice of its intent to dismiss pursuant to Rule 907. **See** Pa.R.Crim.P. 907(1); **Commonwealth v. Guthrie**, 749 A.2d 502, 503 (Pa.Super. 2000) (stating issuance of Rule 1507 (prior version of Rule 907) notice is mandatory).

Booher argues that the court was required to issue notice of its intent to dismiss his petition. He also maintains that the court erroneously interpreted the comment in Rule 907 to conclude that Rule 907 notice was excused here. He contends that despite the court's interpretation, "nothing in

the comment creates a freestanding right to dismiss a petition without complying with the notice requirement." Booher's Br. at 10.

Booher's claim deals with the proper interpretation of a Rule of Criminal Procedure. "The interpretation of procedural rules is a question of law, so our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Phillips**, 141 A.3d 512, 518 (Pa.Super. 2016) (citation omitted). When interpreting the Rules of Criminal Procedure, "we employ the same principles employed in the interpretation of statutes." **Id.** (citation omitted). Our objective in interpreting the criminal rules "is to ascertain and effectuate the intention of our Supreme Court[.]" **Id.** (internal quotations and citations omitted). "When the words of a [rule] are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b).

Here, the PCRA court concluded that it was not required to issue Rule 907 notice because Booher's petition raised the same facts and issues as his first PCRA petition. The court determined that the comment in Rule 907 stating that a court may summarily dismiss a petition raising the same issues and facts, excuses a court "from compliance with the process" of Rule 907. Rule 1925(a) Opinion, filed 2/1/22, at 3. It also determined that if courts were required to "conduct the lengthy notice process" each time it denied a PCRA petition for the same meritless issues, "it would rapidly and unjustifiably exhaust the time and judicial resources of the courts of this Commonwealth[.]" **Id.** at 5.

The relevant comment of Rule 907 provides:

> The judge is permitted, pursuant to paragraph (1), to summarily dismiss a petition for post-conviction collateral relief in certain limited cases. To determine whether a summary dismissal is appropriate, the judge should thoroughly review the petition, the answer, if any, and all other relevant information that is included in the record. If, after this review, the judge determines that the petition is patently frivolous and without support in the record, or that the facts alleged would not, even if proven, entitle the defendant to relief, or that there are no genuine issues of fact, the judge may dismiss the petition **as provided herein**.
>
> A summary dismissal would also be authorized under this rule if the judge determines that a previous petition involving the same issue or issues was filed and was finally determined adversely to the defendant. *See* 42 Pa.C.S. § 9545(b) for the timing requirements for filing second and subsequent petitions.

Pa.R.Crim.P. 907, comment (emphasis added).

A plain reading of this comment explains that a court may summarily dismiss a PCRA petition without a hearing under certain conditions, but must do so pursuant to the procedures set forth in Rule 907. These conditions include if: 1)the petition is frivolous and without support in the record; 2) the facts alleged, even if true, would not entitle the petitioner to relief; 3) there are no genuine issues of fact; or 4) a previous petition involving the same issue or issues was filed and determined adversely to the petitioner. However even under these circumstances, subsection one of Rule 907 provides that the court "shall" give notice of its intent to dismiss a petition without a hearing. Pa.R.Crim.P. 907(1). The comment does not purport to create an exception to

this requirement, and we do not see how it could without contradicting the unambiguous terms of Rule 907 itself. **See** 1 Pa.C.S.A. § 1921(b). Therefore, we conclude that the court erred in failing to issue notice of its intent to dismiss Booher's petition.

Nevertheless, no relief is due here because of the untimely nature of Booher's petition. **See Commonwealth v. Ziegler**, 148 A.3d 849, 851 n. 2 (Pa.Super. 2016) ("[F]ailure to issue Rule 907 notice is not reversible error where the record is clear that the petition is untimely"). A petitioner seeking relief under the PCRA petition must file the petition within one year of the judgment of sentence becoming final. 42 Pa.C.S.A. § 9545(b)(1). When the petition is filed beyond this one-year deadline, the petitioner must plead and prove at least one time-bar exception. **Id.** at § 9545(b)(1)(i)-(iii). A failure to do so will result in the dismissal of the petition, as this Court and the PCRA court is without jurisdiction to entertain an untimely PCRA petition. **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Booher's judgment of sentence became final on January 16, 2020. **See** 42 Pa.C.S.A. § 9545(b)(3) ("a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); Pa.R.A.P. 903(a) (30 days to appeal from

order). Thus, Booher had until January 18, 2021 to file a timely PCRA petition.[2] Booher filed his petition in November 2021 making it untimely. Booher's petition did not address the petition's timeliness, much less even attempt to raise any time-bar exception. As such, because the petition is untimely, we affirm the order of the court. ***See Commonwealth v. Pursell***, 749 A.2d 911, 917 n. 7 (Pa. 2000) (affirming dismissal of untimely PCRA petition where PCRA court did not issue Rule 1507 notice to petitioner and petitioner did not plead and prove any time-bar exception); ***Ziegler***, 148 A.3d at 851; ***Commonwealth v. Wiley***, 966 A.2d 1153, 1157 (Pa.Super. 2009) (this Court may affirm the decision of the court on any basis which is supported by the record).

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/2022

---

[2] The 30-day deadline fell on a Saturday. ***See*** 1 Pa.C.S.A. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, . . . such day shall be omitted from the computation").